324 So.2d 647 (1976)
Joseph SOMMESE, Appellant,
v.
Maxine SOMMESE, Appellee.
No. Y-46.
District Court of Appeal of Florida, First District.
January 8, 1976.
*648 Selig I. Goldin, of Goldin & Turner, Gainesville, for appellant.
William N. DeCarlis and Charles Valentine Bates, Gainesville, for appellee.
SMITH, Judge.
The appellant husband in this marriage dissolution proceeding complains of the circuit court's award of permanent alimony of the wife in the amount of $600 per month.
The trial judge predicated the alimony award on findings that the wife has present and prospective needs for such support, that the husband is able to meet those needs and that "the wife is 52 years of age, in good health, but untrained for any gainful occupation." These findings are supported by substantial evidence.
The wife, who in the distant past has been employed, considers herself now essentially unemployable. She stated, in so many words, that she did not wish to work, had not looked for work and felt no obligation to work. Implicit in the chancellor's award of permanent alimony is a decision, indeed perhaps a policy, that a wife of twenty-five years who devoted herself principally to making a home for a family including five children has no obligation on dissolution of the marriage to train herself for employment when her husband is able to support her from his annual gross income exceeding $50,000, to the extent ordered.
We recognize the merit in appellant's argument that the chancellor might well have awarded rehabilitative alimony and retained jurisdiction to award permanent alimony, so to determine whether Ms. Sommese's economic dependence can and should be mitigated by training. In a proper case such a procedure would doubtless serve the long term interests of both spouses. Roberts v. Roberts, 283 So.2d 396 (Fla.App. 1st, 1973); Lash v. Lash, 307 So.2d 241 (Fla.App. 2d, 1975). But here we must and do affirm the chancellor's order, recognizing that the manner in which he exercises discretion in resolving these delicate matters must be accorded the utmost respect on appeal. Long v. Long, 304 So.2d 483 (Fla.App. 1st, 1974).
Ms. Sommese's petition for the allowance of a fee for services of her attorney in this Court is granted, the amount to be determined by the trial judge.
Affirmed.
RAWLS, Acting C.J., concurs.
MILLS, J., dissents.
MILLS, Judge (dissenting):
I dissent. I would reverse the award of permanent alimony and remand for the trial court to set rehabilitative alimony. I would deny appellee's petition for attorney's fee.