478 So.2d 1113 (1985)
James LOCKLEAR, Appellant,
v.
Beverly SAMPSON and Department of Health and Rehabilitative Services, Appellees.
No. BC-439.
District Court of Appeal of Florida, First District.
November 13, 1985.
*1114 Donald W. Matthews, Jacksonville, for appellant.
Joseph R. Boyd, Susan S. Thompson, and William H. Branch of Boyd, Thompson & Williams, P.A., Tallahassee, and Chriss Walker, Dept. of Health & Rehabilitative Services, Tallahassee, for appellee.
ZEHMER, Judge.
James Locklear appeals a final judgment of paternity entered against him as a result of a default order. We reverse and remand for further proceedings.
On March 8, 1983, Beverly Sampson, mother of a minor child, and the Department of Health and Rehabilitative Services filed a complaint against appellant to determine paternity and to establish his obligation to pay past and future support of the child he allegedly fathered. Appellant answered with a general denial of paternity on March 25. On November 3, appellees filed a motion for compulsory blood testing; and on January 5, 1984, the court entered a consent order requiring the parties and the minor child to appear and submit to a blood test "at a date to be later set, without further order." The court did not thereafter set any particular date for the physical examination.
On June 28, 1984, appellees filed a motion for sanctions against appellant alleging that on February 9, 1984, appellees' attorney served appellant with a notice of scheduling of the HLA blood test for March 5, 1984, and that Sampson and her child appeared at the scheduled time for the blood test but that appellant failed to appear. Based on these limited allegations, the motion sought various sanctions, including the striking of appellant's answer and entry of a default order. On June 28 the court entered an order granting the motion for sanctions and striking appellant's answer because of his failure to appear for the blood test. The order was not conditional and did not provide for the filing of any further pleadings or defenses. The record reveals that no hearing was held on the motion for sanctions, that the court did not first require appellant to appear for the blood test at a time and place set by the court, and that the court did not otherwise afford appellant an opportunity to show cause why the motion for sanctions should not be granted. The motion was granted ex parte.
On July 9 Sampson filed a motion for default on the ground that appellant's answer had been stricken by the court and no subsequent pleadings had been filed by him. The record fails to show that this motion was served on appellant. Default was entered by the court on July 9, and apparently this order was not served on appellant. On July 23 a final hearing was held on Sampson's complaint to determine paternity. Appellant received notice of this hearing. An affidavit was filed by appellees *1115 showing appellant's current address and that he was not in the armed forces. A final judgment of paternity was then entered by the court adjudging appellant to be the father of Sampson's child. The record indicates that no evidence was received by the court to prove the allegations of paternity.
On August 6 appellant filed a motion for rehearing, motion to vacate and set aside the final judgment of paternity, and motion for entry of an order allowing defendant to submit to an HLA blood test and setting the time and place for same. Appellant alleged he was unaware that his inability to appear for the originally scheduled blood test would result in a final judgment of paternity against him. He also alleged he had attempted to appear at the final hearing on July 23 but that he mistakenly went to the wrong courtroom.[1]
Critical rights and consequences result from a valid judgment establishing paternity that affect not only the parties to the action, but also the minor child, that child's children, and other persons. No doubt actions in which HRS joins as plaintiff, such as this, are usually filed for the primary, if not sole, purpose of establishing the putative father's obligation to pay past and future support and other expenses associated with the minor child. We do not view this action as if it were simply a claim between private parties to enforce a monetary obligation because there are often substantial but then unknown collateral consequences that will obviously flow from any judgment establishing the fact of paternity. For example, the fact of paternity should be reliably established because the minor child's parental medical history might become important or even critical in the medical treatment of the child and his or her offspring. Rights of inheritance are affected. In some instances even citizenship status may be affected by a determination of paternity. Undoubtedly there are other collateral consequences that might result from a judgment establishing paternity. The critical point we make here is simply that because of the substantial unknown implications and consequences that are necessarily collateral to such judgment, some of which might attain critical importance to the child and other persons not parties to this paternity proceeding, a judgment establishing the fact of paternity should not be entered solely upon the basis of unadmitted and unproven allegations of paternity (which here were disputed); rather, it should be based upon some competent, substantial evidence.
We hold that the trial court abused its discretion in denying appellant's motion to set aside the default judgment. We believe the trial court erred in granting the motion for sanctions and striking appellant's responsive pleading without affording appellant the opportunity to be heard on the issue and show cause why the motion should not have been granted, particularly since the consent order did not set a specific time and place for the blood test but, rather, allowed the date and time to be set by some undesignated persons. More importantly, appellant alleges in his motion that he desires to submit to the HLA blood test on the issue of paternity because he disputes fathering this child. Because of the serious consequences that may flow from a determination of the fact of paternity, and in view of the now-recognized reliability of the HLA test to establish the probability of paternity rather than merely exclude a person as the father,[2] we reverse the final judgment and remand for further proceedings.
REVERSED and REMANDED.
ERVIN and WENTWORTH, JJ., concur.
NOTES
[1] The motion for rehearing was filed within ten days of the final judgment. Therefore, appellant was not required to show that he should be relieved from the final judgment due to mistake, inadvertence, excusable neglect, or fraud pursuant to Florida Rules of Civil Procedure 1.500(d) and 1.540(b).
[2] Amos v. Department of Health & Rehabilitative Services, 444 So.2d 43 (Fla. 1st DCA 1984); Holliman v. Green, 439 So.2d 955 (Fla. 1st DCA 1983); Carlyon v. Weeks, 387 So.2d 465 (Fla. 1st DCA 1980).