649 So.2d 270 (1994)
Tricia Lee TAYLOR, Petitioner,
v.
Honorable Patrick G. KENNEDY, Circuit Court Judge, Etc. Respondent.
No. 94-955.
District Court of Appeal of Florida, Fifth District.
December 30, 1994.
Rehearing Denied February 3, 1995.
Rick Brown, Daytona Beach, for petitioner.
George H. Russ, of Sellar, Sewell, Russ & Saylor, P.A., Leesburg, for respondent, Robert L. Affourtit.
No appearance for respondent, Patrick G. Kennedy.
GRIFFIN, Judge.
Petitioner, Tricia Taylor ["Taylor"], seeks a writ of prohibition against the exercise of certain jurisdiction by the lower court. We grant the writ.
It appears the proceeding below was commenced in 1992 by Taylor seeking an injunction *271 for domestic violence directed at respondent, Robert Affourtit [Affourtit]. The court entered the injunction on May 6, 1992,[1] but authorized Affourtit to file a motion to obtain visitation with petitioner's minor daughter, C.T. Affourtit is neither the child's natural or adoptive parent, nor have Taylor and Affourtit ever been married. His claim to visitation rights is that he is the "psychological" father of the child because he lived with the child and her mother "much" of the last six years and a "psychological parent" bond exists between him and the child.
On July 23, 1993, Taylor signed a stipulation to vacate the previously entered injunctions for protection.[2] Included in the stipulation is a statement by her that Affourtit "may continue to have telephone contact and visitation" with both of her minor children. She also entered into a "Visitation and Support Agreement" that bears the same date. Pursuant to that agreement, Affourtit agreed to pay Taylor $75 per week for support of the child, C.T. The agreement goes on to state, however, that:
These weekly support payments shall continue until C.T. attains the age of 18 provided [Affourtit] is entitled to visit with C.T. on the terms set forth in paragraph 2 below. If [Taylor] refuses to permit [Affourtit] to see C.T., then [Affourtit] may cease the payments to [Taylor] and, at his option, deposit the weekly support payments of $75 in a trust fund for the college education of C.T.
In January 1994, Affourtit filed a "Petition for Visitation and Injunction" under the same file number as the "injunction for protection" case. He alleged that because Taylor had refused him reasonable contact with C.T., he was entitled to an order of temporary and permanent visitation. The petition was brought by Affourtit both as "psychological father" of the child and on behalf of the child as her "next friend."
The stated basis for jurisdiction contained in the response to this court's order to show cause is that the circuit court:
has jurisdiction of the subject matter of this action, being the custody, visitation and welfare of minor children, independent of any statutory authority. This would be particularly true where the claimed jurisdiction relies on alleged constitutional rights.
This is evidently a reference to a ruling contained in the lower court's order, based on Berhow v. Crow, 423 So.2d 371 (Fla. 1st DCA 1982), that Affourtit's "psychological bond" is a "fundamental liberty interest"[3] which the court is empowered to protect through court-ordered visitation. Berhow merely held, however, that the foster parents of a child were entitled to notice and an opportunity to be heard in an adoption proceeding. Berhow does not suggest that the lower court has inherent jurisdiction to award visitation to a non-parent over the legal parents' objection. That no such jurisdiction exists was explained by the court in Meeks v. Gardner, 598 So.2d 261, 262 (Fla. 1st DCA 1992):
The government of this state, exerting its will through the court system, has no authority to compel visitation between a child and one who is neither a parent, grandparent, nor great-grandparent. See § 752.01, Fla. Stat. (1991). Visitation rights are, with regard to a non-parent, statutory, and the court has no inherent authority to award visitation. [Citations omitted].
Affourtit has no right to claim court-ordered visitation as a "psychological parent," and the court lacks the inherent authority to award it. Swain v. Swain, 567 So.2d 1058 (Fla. 5th DCA 1990); see also Moore v. Trevino, 612 So.2d 604 (Fla. 4th DCA 1992); Wills v. Wills, 399 So.2d 1130, 1132 (Fla. 4th DCA 1981) (Moore, J. dissenting) (and cases cited therein). Moreover, Florida courts do not recognize a claim for *272 specific performance of a contract for visitation in favor of a non-parent. Nor does Florida recognize a child's right to petition a Florida court to order his or her parent to permit visitation with third parties,[4] especially where the "next friend" assertedly acting for the child is the third party. Accordingly, a writ of prohibition is appropriate.[5]
WRIT ISSUED.
W. SHARP, J., concurs.
DAUKSCH, J., dissents, with opinion.
DAUKSCH, Judge.
I respectfully dissent.
Prohibition is not the proper remedy in this case. An appeal from the order would properly lie in this court. The parties, both of them, invoked the jurisdiction of the circuit court by their pleadings and agreements filed in the "domestic violence" case. The trial judge then proceeded to enforce the agreement of the parties in that case. Perhaps he committed error, but he had jurisdiction to either enforce the agreement, or not.
NOTES
[1] This document is not a part of the record but is referred to in the parties' filings.
[2] It is unclear whether an order of dismissal was ever entered.
[3] Affourtit has maintained, however, that he has no duty of support.
[4] This case is wholly unlike Kingsley v. Kingsley, 623 So.2d 780 (Fla. 5th DCA 1993), rev. denied, 634 So.2d 625 (Fla. 1994) where the child's action was statutorily authorized and the problem was a procedural one  the failure of the child to act through an adult as his next friend. Here the child is assertedly acting through a next friend, but there is no common law or statutory basis for the child's petition.
[5] There is also no apparent basis for an order controlling the mother's residence.