670 So.2d 1161 (1996)
STATE OF WISCONSIN, on Behalf of David Leo NORTH and Daniel Lucas North, and The State of Florida, Department of Health and Rehabilitative Services, Appellants,
v.
Lou MARTORELLA, Appellee.
No. 94-0779.
District Court of Appeal of Florida, Fourth District.
April 3, 1996.
*1162 Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., and Chriss Walker, of Department of Revenue Child Support Enforcement, Tallahassee, for appellants.
Shelley M. Mitchell, Fort Lauderdale, for appellee.
SHAHOOD, Judge.
Appellants, the State of Wisconsin, on behalf of the minor children, David Leo North and Daniel Lucas North, and the State of Florida, Department of Health and Rehabilitative Services ("HRS"), seek review of an order dismissing their paternity action as res judicata. We reverse and remand for a trial on the merits.
In 1991, HRS, on behalf of Susan North, the mother of the minor children, filed a complaint against appellee, Louis Martorella. In that action, the court entered a final judgment in favor of Martorella. The September 22, 1992 judgment stated the following: "Adjudged that the Court finds for the Respondent and the Petitioners shall take nothing by this action." The order contained no factual or legal conclusions.
In 1994, HRS filed the instant action against Martorella on behalf of the children. Based on the outcome of the 1991 action, the trial court determined that the 1994 complaint was barred by the application of the doctrine of res judicata, and dismissed the complaint. This appeal follows.
It has long been held that in order for res judicata to bar a subsequent suit, the following four identities must be present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties; and (4) identity of the quality or capacity of the persons for or against whom the claim is made. See Albrecht v. State, 444 So.2d 8 (Fla.1984), superseded by statute on other grounds, Bowen v. Fla. Dept. of Envtl. Regulation, 448 So.2d 566 (Fla. 2d DCA 1984). The party claiming the benefit of the former adjudication has the burden of establishing, with sufficient certainty by the record or by extrinsic evidence, that the matter was formerly adjudicated. Meyers v. Shore Indus., Inc., 597 So.2d 345 (Fla. 2d DCA 1992).
In this case, we cannot sanction dismissal of the children's complaint where Martorella has not sustained his burden of proving that the issue of paternity was fully adjudicated in the 1992 action. A child has an independent right to have his interests determined by the court. Siegler v. Wiser, 517 So.2d 124 (Fla. 4th DCA 1987). Absent factual or legal conclusions in the prior order, there is no indication that paternity was ever fully adjudicated. See Department of Health and Rehabilitative Servs. v. Griffin, 620 So.2d 241 (Fla. 1st DCA 1993).
In Locklear v. Sampson, 478 So.2d 1113 (Fla. 1st DCA 1985), the court recognized the far reaching collateral consequences of a judgment establishing paternity and held that same "should not be entered solely upon the basis of unadmitted and unproven allegations of paternity," but rather, on the basis of competent substantial evidence. Id. We agree with the First District's reasoning that,
[c]ritical rights and consequences result from a valid judgment establishing paternity that affect not only the parties to the action, but also the minor child, that child's children, and other persons. No doubt actions in which HRS joins as plaintiff, such as this, are usually filed for the primary, *1163 if not sole, purpose of establishing the putative father's obligation to pay past and future support and other expenses associated with the minor child. We do not view this action as if it were simply a claim between private parties to enforce a monetary obligation because there are often substantial but then unknown collateral consequences that will obviously flow from any judgment establishing the fact of paternity. For example, the fact of paternity should be reliably established because the minor child's parental medical history might become important or even critical in the medical treatment of the child and his or her offspring. Rights of inheritance are affected. In some instances even citizenship status may be affected by a determination of paternity. Undoubtedly there are other collateral consequences that might result from a judgment establishing paternity.
Id. at 1115.
Accordingly, we reverse the trial court's order of dismissal and remand this cause for a trial on the merits.
REVERSE and REMAND.
POLEN and STEVENSON, JJ., concur.