727 So.2d 386 (1999)
Craig D. STARKEY, Appellant,
v.
Lori Ann LINN, Appellee.
No. 98-734.
District Court of Appeal of Florida, Fifth District.
March 5, 1999.
*387 Terry L. McCollough of Terry L. McCollough, P.A., Orlando, for Appellant.
Hal Roen of Hal Roen, P.A., Winter Park, for Appellee.
GOSHORN, J.
Craig Starkey appeals the post-judgment order requiring him to pay $4,500 to Lori Linn's attorney for the work the attorney was to perform in the appeal of the final order. Starkey argues the award of temporary fees pending appeal was without any proper legal basis and that the court erred in ordering him to obtain a $45,000 supersedeas bond. We agree and reverse.
Starkey and Linn had a son out-of-wedlock. After almost six years of conflict-free visitation, Linn unilaterally attempted to change the terms of visitation. Starkey filed suit to establish his paternity and sought custody of the child. Linn denied paternity and sought to maintain custody. Starkey's paternity was established and the court granted liberal visitation terms to Starkey. Starkey was also ordered to pay Linn's attorney's fees, over strenuous objection. Starkey filed an appeal.[1] Linn moved for temporary attorney's fees pending the appeal. She also moved for contempt on the basis that Starkey had not paid the fees ordered in the final judgment being appealed. The trial court awarded Linn $4,500 in temporary fees and, rather than enforcing the final judgment, required Starkey to post a $45,000 supersedeas cash bond.
Linn's motion for temporary fees cites Florida Rule of Appellate Procedure 9.600[2] as the sole support for her claim for fees. However, rule 9.600 does not provide a substantive basis for the award of fees. Cf. White v. White, 683 So.2d 510, 511-12 (Fla. 4th DCA 1996) (recognizing that rule 9.600 "gives the lower tribunal jurisdiction to award fees during the pendency of an appeal," but also that "[t]he issue of provisional *388 entitlement turns on the basis for fees in the first place, i.e., statute or contract, and the particular text of the statutory or contractual basis"), disapproved of on other grounds, Rosen v. Rosen, 696 So.2d 697 (Fla.1997). Neither does any statute support the award of temporary appellate fees to Linn.[3] Without a substantive basis for the award of temporary appellate fees, the trial court erred in ordering Starkey to pay Linn these fees.
We also find error in the requirement that Starkey post a supersedeas bond. Rule 9.310(a) provides that a party seeking to stay a final or non-final order pending its review on appeal shall move the lower court for a stay. An exception exists if the order being appealed is a judgment solely for the payment of money. In that case, an automatic stay occurs upon the posting of good and sufficient bond without the need for a motion. Fla. R.App. P. 9.310(b). Either way, the option to obtain a stay is with the party, not the court. See Horn v. Horn, 73 So.2d 905 (Fla.1954) (holding that the right to appeal is not dependent upon the obtaining of supersedeas; no provision in the law authorizes a trial court to compel an appellant to furnish a supersedeas bond as a condition to perfecting his appeal); Fitzgerald v. Addison, 287 So.2d 151 (Fla. 2d DCA 1973) (holding that a party may appeal a money judgment without posting a supersedeas bond, and judgment holder has the concomitant right to seek execution upon the judgment). Had he wanted to avoid execution on the judgment, Starkey could have obtained a supersedeas bond. Starkey's decision not to obtain a bond left him subject to enforcement proceedings.
When Linn sought to enforce the order being appealed, the trial court had jurisdiction to order enforcement. See Randolph v. Randolph, 618 So.2d 770 (Fla. 5th DCA 1993) (in the absence of a stay, trial court retains jurisdiction to enforce attorney fee award even though that issue is on appeal). It did not, however, have the authority to order Starkey to post the supersedeas bond as a condition of the court not enforcing its final judgment.
REVERSED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] In Starkey v. Linn, 723 So.2d 333 (Fla. 5th DCA 1998), the sole subject of the appeal was the award of attorney's fees to Linn, which this court reversed.
[2] Rule 9.600(c), "Family Law Matters," provides:

(c) Family Law Matters. In family law matters:
(1) The lower tribunal shall retain jurisdiction to enter and enforce orders awarding separate maintenance, child support, alimony, attorneys' fees and costs for services rendered in the lower tribunal, temporary attorneys' fees and costs reasonably necessary to prosecute or defend an appeal, or other awards necessary to protect the welfare and rights of any party pending appeal.
(2) The receipt, payment, or transfer of funds or property under an order in a family law matter shall not prejudice the rights of appeal of any party. The lower tribunal shall have the jurisdiction to impose, modify, or dissolve conditions upon the receipt or payment of such awards in order to protect the interests of the parties during the appeal.
(3) Review of orders entered pursuant to this subdivision shall be by motion filed in the court within 30 days of rendition.
[3] Section 742.045 of the paternity statute does not authorize appellate fees. It is almost identical to section 61.16, but for the conspicuous absence of authority to award appellate fees. Even section 59.46 does not help Linn's case, as it provides, "In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal." Obviously section 742.045 is not a prevailing party statute, but rather is based on need and ability to pay. Thus, the provision for fees in section 742.045 cannot be bootstrapped into supporting an award of temporary appellate fees. Neither does section 742.031 provide a substantive basis for the award of temporary fees to Linn because it grants fees only to the prevailing complainant in a paternity suit. Linn does not meet that test.