743 So.2d 123 (1999)
Richard David GILBERTSON, individually, and on behalf of his biological daughter, H.L.G. n/k/a H.L.B., Appellant,
v.
Alison A. BOGGS, Appellee.
No. 98-4385, 99-1005.
District Court of Appeal of Florida, Fourth District.
September 22, 1999.
Rehearing Denied October 18, 1999.
*124 Marina Garcia Wood of Montero, Finizio, Velasquez, Weissing & Reyes, P.A., Fort Lauderdale, for appellant.
John D. Boykin of Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for appellee.
SHAHOOD, J.
This opinion addresses consolidated appeals in case numbers 98-4385 and 99-1005. In case number 98-4385, appellant, Richard David Gilbertson, individually, and on behalf of his biological daughter, H.L.G., n/k/a H.L.B. (Gilbertson), appeals from an Order Granting Motion to Dismiss and to Seal Record, which order dismissed appellant's complaint to establish paternity. In case number 99-1005, Gilbertson appeals from the trial court's non-final Order on Motion for Temporary Appellate Fees.
We affirm in part and reverse in part the dismissal of Gilbertson's complaint with prejudice, and remand for proceedings consistent with this opinion. We also reverse the order entered by the court granting appellee's temporary appellate attorneys fees.
Gilbertson claims that he and appellee, Alison Boggs, had a four and one-half year relationship which resulted in the conception and birth of their daughter on June 4, 1996. At all times during this alleged affair, Alison Boggs was married to Benjamin Boggs, the legal father of the minor child. During Alison Boggs' pregnancy, she purportedly informed Gilbertson that he was the father of the then unborn child and that her husband was impotent and incapable of fathering a child. Alison Boggs intimated to Gilbertson that she was going to leave her husband and seek a divorce. Since the birth of the minor child, Alison Boggs allegedly encouraged and fostered a father-daughter relationship between Gilbertson and his family with the minor child.
*125 Shortly after the birth of the minor child, Gilbertson filed a Complaint to Establish Paternity, custody, visitation, and support of the minor child, against Alison Boggs and her husband. In the complaint, Gilbertson alleged that Alison Boggs repeatedly told him that he was the natural father of the minor child and had allegedly represented this fact to her husband Benjamin Boggs. Gilbertson further contended that he and Boggs continued their relationship throughout Boggs' pregnancy and that he was involved in the pregnancy process.
Gilbertson sought blood tests from the parties to affirmatively establish paternity and for the court to declare him the legal father of the minor child under Florida Law. Gilbertson sought shared parental responsibility and to be designated the primary residential parent.
Boggs and her husband filed a Motion to Dismiss and to Seal Record alleging that pursuant to section 742.011, Gilbertson lacked standing to bring the paternity action on the grounds that he could not overcome the presumption of legitimacy given to the minor child by her legal father, Benjamin Boggs.
Gilbertson moved to set Petitioner's Request for Blood Test on Trial Docket and to appoint a Guardian Ad Litem. Benjamin Boggs then filed an affidavit claiming that he was the legal father of the minor child as indicated on her birth certificate and did not want her legitimacy questioned in any way. As such, he objected to any blood test seeking to establish whether anyone else might be the biological father.
The trial court entered an Order Appointing Guardian Ad Litem on October 15, 1996, without naming a specific individual as guardian ad litem for H.L.G. n/k/a H.L.B. The form order merely stated that the "State of Florida Guardian Ad Litem Program for the Fifteenth Circuit, is hereby appointed for the minor child in this matter." Because the court entered a "blank" order without naming an individual as guardian ad litem, no action was ever taken, or any pleadings filed, by anyone on behalf of H.L.G. n/k/a H.L.B.
A hearing was held on Boggs' Motion to Dismiss and Seal Record. The trial court granted the motion pursuant to section 742.011. In his Motion for Rehearing, Gilbertson claimed that the trial court erred in dismissing his complaint without holding an evidentiary hearing and that the court violated his constitutional right to access to the courts and equal protection. The motion was denied and Gilbertson filed a notice of appeal. In January 1997, Gilbertson entered a voluntary dismissal of the appeal.
In September 1998, Gilbertson, individually, and on behalf of his biological daughter, filed a new four-count complaint against Alison Boggs. The complaint alleged an independent action for fraud and a petition to establish paternity and visitation on behalf of Gilbertson, individually, and on behalf of the minor child, under sections 742.011 and 61.13.
In his complaint, Gilbertson maintained that he was the biological father of the minor child that resulted from an affair he had with Boggs and that he had maintained a father-daughter relationship with the child. Gilbertson sought to set aside the trial court's order dismissing the earlier case based upon a fraud upon the court under rule 1.540(b), Florida Rules of Civil Procedure. Gilbertson claimed that Boggs and her husband falsely stated that Benjamin Boggs was the legal father of the minor child and failed to disclose that he was not the natural and biological father of the minor child. He maintained that prior to the court's dismissal of his complaint for paternity, Alison Boggs failed to inform the court that Gilbertson was the putative father of the minor child and that blood testing under Chapter 742 was appropriate. Gilbertson claimed that Boggs represented to Gilbertson that if he dismissed his appeal, she would acknowledge that he was the biological father of the minor child. Hence, a fraud was perpetrated *126 upon the court. Gilbertson requested that the court set aside the earlier order of the court and order the parties to submit to blood testing.
Following Boggs' Motion to Dismiss and to Seal Record, the trial court dismissed Gilbertson's complaint with prejudice. In its order of dismissal, the court held that:
9. Count III seeks to establish paternity and visitation pursuant to Chapter 742 and section 61.13 of the Florida Statutes. The predecessor case (Case No. CD 96-3714 FC) involved a petition to establish the paternity of the minor child which asserted almost exactly the same cause of action on behalf of the Petitioner. As a matter of law, the prior involuntary dismissal is an "adjudication on the merits." Smith v. St. Vil, 714 So.2d 603 (Fla. 4th DCA 1998); Hardee v. Gordon Thompson Chevrolet, Inc., 154 So.2d 174 (Fla. 1st DCA 1963). The four identities are present: 1) identity of the thing sued for; 2) identity of action; 3) identity of persons and parties; and 4) identity of the quality or capacity of the persons for or against whom the claim is made. See State of Wisconsin v. Martorella, 670 So.2d 1161, 1162 (Fla. 4th DCA 1996); Youngblood v. Taylor, 89 So.2d 503, 505 (Fla.1956)(res judicata bars not only later suits on the same causes of action, but also matters that "could have been raised"; the test of identity of cause of action is "identity of the facts essential to the maintenance of the actions"). Therefore, the final order of dismissal in Case No. CD 96-3714 FC is res judicata and bars Count III of this Complaint. Martorella, 670 So.2d at 1162.
While Gilbertson contends that the trial court's dismissal of his paternity claim brought in his individual capacity was not barred by res judicata, we hold that the "identities" requirement has been met. See Martorella. The "thing sued for" and "the cause of action" did not differ from the paternity action in the predecessor case since the only claim being appealed was the paternity claim. Likewise, the identity of persons and parties did not differ between the two cases. In the prior action Gilbertson sued both Alison Boggs and her husband. In the present action, he sued only Boggs. Gilbertson cannot avoid the pitfalls of res judicata by electing to eliminate one of the parties being sued. Moreover, the only party necessary to be joined in this action was the mother of the minor child.
In addition to the four identities necessary to establish res judicata, under Martorella, the party claiming the benefit of the former adjudication has the burden of establishing, with sufficient certainty by the record or by extrinsic evidence, that the matter was formerly adjudicated. See Martorella, 670 So.2d at 1162. This court has held that an order finally dismissing a complaint for failure to state a cause of action is an adjudication on the merits. See Smith v. St. Vil, 714 So.2d 603, 605 (Fla. 4th DCA 1998). Gilbertson voluntarily dismissed with prejudice his appeal of that determination. By dismissing his appeal, Gilbertson waived any claim of error, and thus, pursuant to St. Vil, the dismissal for failure to state a cause of action is a final adjudication on the merits for which res judicata attaches.
Finally, we reject Gilbertson's argument that in equity, applying res judicata to the present action would work an injustice and deprive him and his family of their developed relationship with the minor child. See generally deCancino v. Eastern Airlines, Inc., 283 So.2d 97 (Fla.1973). He submits that Boggs would benefit to the detriment of him and the minor child from her alleged false representations which induced him to dismiss his appeal in the prior case. See State, Dep't of Revenue, Office of Child Support Enforcement v. Redding, 685 So.2d 1000 (Fla. 3d DCA 1997).
Gilbertson argues that there is a distinction between "legitimacy" and "paternity" and that due to the trial court's *127 dismissal in the prior action, there has been no adjudication as to the child's paternity, only as to her legitimacy. Thus, the only way to determine paternity is to allow blood or genetic testing. By making such an equitable argument, Gilbertson attempts to circumvent section 742.011 which limits who has standing to institute a paternity action.
Section 742.011 provides that "[a]ny woman who is pregnant or has a child, any man who has reason to believe that he is the father of a child, or any child may bring proceedings in the circuit court, in chancery, to determine the paternity of the child when paternity has not been established by law or otherwise." Courts have interpreted the language of section 742.011 to mean that a putative father has no cause of action to establish paternal rights where there is undisputed evidence that the mother's husband was the child's reputed father. See I.A. v. H.H., 710 So.2d 162 (Fla. 2d DCA 1998); G.F.C. v. S.G., 686 So.2d 1382, 1385 (Fla. 5th DCA 1997).
In Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993), the Florida Supreme Court held that once children are born legitimate, to an intact marriage, they have a right to maintain that status both factually and legally. Further, the legally recognized father has an interest in maintaining a relationship with the child unimpugned. 617 So.2d at 307. The "legal father" is the man to whom the mother was married when the child was born and whose name appears on the birth certificate. See Privette; G.F.C. v. S.G., 686 So.2d 1382, 1384 (Fla. 5th DCA 1997). Before a blood test can be ordered in paternity cases where a child is born legitimate, the trial court is required to hear argument from the parties, including the legal father if he wishes to appear and a guardian ad litem appointed to represent the child. See id. at 308. Following such hearing, the trial court can deny a court-ordered blood test if it finds that the child's best interests would not be served by being declared illegitimate and having parental rights transferred to the biological father. See Privette, 617 So.2d at 309.
Next, Gilbertson seeks to institute a paternity action on behalf of his biological daughter as a next friend. In this case, the trial court's order of dismissal held that there was no authority permitting Gilbertson to bring a paternity action on behalf of the minor child. The court held that "[t]he Petitioner is not a legal guardian, nor an attorney ad litem or guardian ad litem appointed by the court and under the circumstances here the petitioner may not bring this action as a next friend. See, Fl. R. Civ. P. 1.210." This case presents a unique question as to whether a putative father has standing to act as a next friend in order to bring a paternity action on behalf of a minor child. We hold that the putative father does not have standing, but the minor child does have a right to have her interests represented.
Gilbertson claims that rule 1.210 does not preclude him from acting as a next friend. Gilbertson claims that a child has an independent right to support from its father and that rule 1.210 does not limit who may be designated as a next friend. Boggs argues that regardless of rule 1.210, Gilbertson could not sue as next friend since the minor child had legal representatives in the prior action, including her parents and a previously appointed guardian ad litem, and, therefore, the child's right to sue for a determination of paternity was fully adjudicated in the prior case.
Under rule 1.210, Florida Rules of Civil Procedure, a minor is incapable of bringing an action on her own behalf, but can only sue by and through a guardian ad litem, next friend or other duly appointed representative. See S.A.P. v. State, Dep't of Health and Rehabilitative Servs., 704 So.2d 583, 585 (Fla. 1st DCA 1997). Unless a child has a guardian or other like fiduciary, a child must sue by his next friend; however, the next friend does not *128 become a party to the suit. Where the next friend brings the suit, the minor is the real party in interest. See Kingsley v. Kingsley, 623 So.2d 780, 784 (Fla. 5th DCA 1993), review denied, 634 So.2d 625 (Fla.1994). A child has an independent right to have his interests determined by the court. See Martorella, 670 So.2d at 1162.
While Gilbertson is not the child's legal guardian or guardian ad litem, rule 1.210 does not limit who may be designated a next friend. However, the interests of Gilbertson, as the putative father, conflict with that of the minor child, and thus, he is not an appropriate next friend. See Taylor v. Kennedy, 649 So.2d 270 (Fla. 5th DCA 1994)(Florida courts do not recognize a child's right to petition a Florida court to order her parent to permit visitation with third parties, where the "next friend" acting for the child is the third party.), review denied, 659 So.2d 1085 (Fla.1995).
Under the facts of this case, the minor child's interests were not properly represented in the previous proceeding by her legal guardian or by a guardian ad litem. Arguably, the legal guardians' interests in the prior action were adverse to that of the minor child in that they did not want the minor child to continue her relationship with the putative father. See Mistretta v. Mistretta, 566 So.2d 836 (Fla. 5th DCA 1990). Further, a Privette hearing was never held since the case was dismissed at the pleading stage. As to the representation of the child by a guardian ad litem in the prior action, the record contains an order appointing a guardian ad litem, but never the actual designation of a particular person. It is uncontroverted from the record that a guardian ad litem was not present at the motion to dismiss to represent the minor child's interests.
Since the trial court failed to conduct a Privette hearing, the child's interests were never taken into consideration to determine whether blood tests should be ordered and whether the paternity action should go forward. Thus, the child's rights to establish paternity were never fully adjudicated in the prior action. We accordingly reverse and remand with directions to the trial court to appoint a guardian ad litem and to conduct a Privette hearing.
Lastly, we hold that the trial court erred in awarding appellee temporary appellate fees and costs pursuant to section 61.16, Florida Statutes, where Gilbertson's action sought to establish paternity and visitation pursuant to Chapter 742 and there is no authority under that chapter for appellate fees.
In Starkey v. Linn, 727 So.2d 386 (Fla. 5th DCA 1999), a putative father filed a suit to establish paternity and to maintain custody. Paternity was established and the court granted liberal visitation to the father. The trial court also ordered the father to pay the mother's attorney's fees which resulted in an appeal by Starkey. The mother moved for temporary appellate attorney's fees pending appeal which the court granted. The Fifth District Court of Appeal concluded that there was no statutory support for an award of temporary appellate fees to the mother. In a footnote, the court noted that "[s]ection 742.045 of the paternity statute does not authorize appellate fees. It is almost identical to section 61.16, but for the conspicuous absence of authority to award appellate fees." 727 So.2d at 387 n. 3. Thus section 742.045 could not be "bootstrapped" into supporting an award of temporary appellate fees. See id. Without a substantive basis for the award of temporary appellate fees, the trial court erred in ordering Starkey to pay fees. See id.
As in the case at bar, Starkey's petition for paternity and custody required that he seek relief under sections 742.011 and section 61.13. While not discussing section 61.16 specifically, the Starkey court held that temporary appellate fees could not be awarded in the context of what was primarily a paternity action. As in Starkey, *129 the award of temporary appellate attorneys' fees in this case was also erroneous since this case was primarily a paternity action.

Conclusion
We affirm in part and reverse in part the trial court's Order Granting Motion to Dismiss and to Seal Record and remand with directions to the trial court to appoint a guardian ad litem to represent the interests of H.L.G., n/k/a H.L.B. and further to conduct a Privette hearing in accord with this opinion. We further reverse that portion of the Order granting appellee temporary appellate fees and costs.
Affirmed in part; reversed in part and remanded.
TAYLOR, J., and ROTHSCHILD, RONALD J., Associate Judge, concur.