ALTENBERND, Judge,
Concurring.
I fully concur in this decision that affirms a final judgment of paternity in an action filed by the father, A.J.K. The primary issue in this ease concerns child custody. I write only to explain that my vote to deny attorney’s fees to the father is not based on the reasoning in Starkey v. Linn, 727 So.2d 386 (Fla. 5th DCA 1999), and Gilbertson v. Boggs, 743 So.2d 123 (Fla. 4th DCA 1999). Both of those cases hold that attorney’s fees cannot be awarded on appeal in a paternity action because section 742.045, Florida Statutes (2008), does not expressly authorize fees on appeal.
It is true that both section 742.045 and section 742.031 authorize an award of attorney’s fees in paternity actions but make no reference to fees for an appeal. Neither statute limits attorney’s fees to a prevailing party and, thus, the provision in section 59.46, Florida Statutes (2008), interpreting statutes that award prevailing party attorney’s fees to include an award of appellate attorney’s fees does not apply in this case.
My concern is that section 61.16, Florida Statutes (2008), would allow for an award of fees in this type of custody dispute if the child were legitimate. Statutes that do not provide rights and remedies to illegitimate children and their parents that are comparable to the rights and remedies given to legitimate children and their parents can violate Equal Protection. See Brown v. Dykes, 601 So.2d 568, 570 (Fla. 2d DCA 1992) (holding section 742.031 unconstitutional to the extent that it prohibited attorney’s fees to a father in a paternity action). Under any level of scrutiny, it is not obvious to me that parents of illegitimate children should be treated differently than parents of legitimate children when it comes to the rules for awarding attorney’s fees on appeal in custody disputes.
The parties have not briefed the constitutional issue, and I conclude that attorney’s fees would be inappropriate under the circumstances of this case even if section 61.16 were the applicable law. Accordingly, I join in the order denying fees.