WARNER, J.,
concurring specially.
I concur but write to disagree with a prior opinion of this court and thus to show why no manifest injustice has occurred, as appellant suggests.
This case began as a paternity determination and award of child support which was appealed to this court. We granted appellate attorney’s fees in the direct appeal of the judgment of modification. Bound by our order, the trial court set the fee. The appellant has appealed again, claiming that appellate attorney’s fees are not authorized in paternity actions, a claim which we rejected in the prior appeal.
Appellant maintains that our holding in Gilbertson v. Boggs, 743 So.2d 123, 128-29 (Fla. 4th DCA 1999), precludes an award of appellate attorney’s fees in a paternity action, and that a manifest injustice has occurred. While Gilbertson held that section 742.025, Florida Statutes, does not permit an award of appellate attorney’s fees in a paternity action, I believe the case was wrongly decided, and I would recede from it.
Section 742.045 provides for the award of attorney’s fees in paternity proceedings:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.
The Legislature enacted this section in 1991. Ch. 91-246, § 7, Laws of Fla. At the time, it mirrored the attorney’s fees provision of section 61.16. It was not until 1994, when the Legislature amended section 61.16, that a specific reference to fees on appeal was included at the end of the foregoing sentence in section 61.16. Ch. 94-169, § 1, Laws of Fla.
However, case law prior to the inclusion of the word “appeals” interpreted section 61.16 as permitting an award of appellate fees. In Thornton v. Thornton, 433 So.2d 682, 683-84 (Fla. 5th DCA 1983), the court explained:
The authority of the appellate court to award attorney’s fees is based on the interpretation of section 61.16 as authorizing fee awards both at trial and on appeal. Bryan v. Bryan, 342 So.2d 858 (Fla. 2d DCA 1977); Sommese v. Sommese, 324 So.2d 647 (Fla. 1st DCA 1976); Ruhnau v. Ruhnau, 299 So.2d 61 (Fla. 1st DCA 1974); Lovett v. Lovett, 194 So.2d 916 (Fla. 2d DCA 1967).
See also Gieseke v. Gieseke, 499 So.2d 839, 839 (Fla. 4th DCA 1986).
A well-settled maxim of statutory construction states that “ ‘the legislature is presumed to know the existing law when a statute is enacted, including judicial decisions on the subject concerning which it subsequently enacts a statute.’ ” Seagrave v. State, 802 So.2d 281, 290 (Fla.2001) (quoting Wood v. Fraser, 677 So.2d 15, 18 (Fla. 2d DCA 1996)). In enacting section 742.045, the Legislature copied the language of section 61.16 and thus is presumed to have known and approved of the judicial construction that the statute includes the authority to award appellate *1232 attorney’s fees. In fact, the Legislature’s subsequent specific inclusion of appeals in section 61.16 merely reinforces the judicial construction of the statute for over twenty-five years. Thus, section 742.045 should be interpreted consistently with the judicial construction given to the identical section 61.16: that appellate attorney’s fees are included within its provision.
This would be consistent with other statutes which provide for attorney’s fees but do not specifically mention appellate fees. For instance, although section 57.105, permitting the assessment of attorney’s fees where the claims are frivolous, does not mention appeals, the supreme court applied the statute to appellate proceedings. See Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505-06 (Fla.1982).[1] Moreover, section 59.46, Florida Statutes, provides that, “[i]n the absence of an expressed contrary intent, any provision of a statute ... providing for the payment of attorney’s fees to the prevailing party shall be construed to include the payment of attorney’s fees to the prevailing party on appeal.” Although section 742.045 is not a prevailing party attorney’s fees statute, the legislative directive is clear that the Legislature intends to include attorney’s fees on appeal within statutes permitting the assessment of attorney’s fees, unless it specifically expresses a contrary intent. Here there is no contrary intent.
A construction of the statute which would preclude the assessment of appellate attorney’s fees in actions involving paternity makes little sense. In this case, for instance, the mother was put to considerable expense in defending the modification proceedings both at trial and on appeal. Why should she be entitled to her fees in the trial court but not on appeal? If she has the need, and the father has the ability to pay, she should be entitled to an award of fees to compensate her for the expense of defending the final judgment on modification. Otherwise, income which may be needed to support the child would be redirected to the payment of her appellate attorney’s fees.
Gilbertson did not consider the judicial construction put on the identical language in section 61.16 when section 742.045 was adopted. It is that construction which should control the interpretation of section 742.045. I would recede from that portion of Gilbertson which held that the statute does not authorize attorney’s fees on appeal.
Gilbertson relied on Starkey v. Linn, 727 So.2d 386, 387 n.3 (Fla. 5th DCA 1999). 743 So.2d at 128-29. I would thus disagree with Starkey also.
Because Gilbertson was wrongly decided, I conclude that appellee was certainly entitled to attorney’s fees in this case. I therefore join in affirming the award.

. In Forum v. Boca Burger, Inc., 788 So.2d 1055, 1060 (Fla. 4th DCA 2001), we recognized that the holding in Written was partially superseded by the 1999 amendment to section 57.105. However, this amendment has no bearing on the analysis here.