VILLANTI, Judge.
The father, B.K., seeks review of the final judgment of paternity as to the minor child, K.B.K. He specifically challenges the circuit court’s imputation of income to him under section 61.30(2)(b), Florida Statutes (2012), and calculation of child support arrearage. We affirm the circuit court’s determination regarding imputed income without comment; however because the court made a mathematical error when it calculated the child support ar-rearage, we reverse and remand for the circuit court to correct the error. We also remand the mother, S.D.C.’s, motion for appellate attorneys’ fees for the circuit court to consider her entitlement, and amount, under section 742.045, Florida Statutes (2012).
Shortly after KB.K’s birth, B.K. filed a petition to establish paternity. Following mediation, both S.D.C. and B.K. sought an award of child support in the circuit court. In the final judgment of paternity, the circuit court found that S.D.C. was entitled to child support and awarded her an ar-rearage based on its determination and B.K’s previous support payments. However, the circuit court made a mathematical error when it calculated the amount of the child support arrearage at $4050. Based on the findings in the final judgment, the arrearage should have totaled $3050.
S.D.C. argues that B.K. failed to preserve this error for appellate review by electing not to file a motion for rehearing. While other district courts have required parties complaining on appeal about inadequate findings in dissolution cases to bring the alleged defect to the trial court’s attention in a motion for rehearing in order to preserve the issue for appeal, this court has not yet decided the preservation issue in the broader context. Esaw v. Esaw, 965 So.2d 1261, 1265 n. 1 (Fla. 2d DCA 2007). However, we previously declined to extend this line of reasoning to claims of mathematical error appearing on the face of a final judgment. See Smith v. Smith, *982 39 So.3d 458, 459-60 (Fla. 2d DCA 2010) (reversing a mathematical error apparent on the face of the final judgment); Parker v. Parker, 976 So.2d 104,105 (Fla. 2d DCA 2008) (reversing an award based on a mathematical error as not supported by competent, substantial evidence); Martin v. Martin, 923 So.2d 1236, 1239 (Fla. 1st DCA 2006) (noting that “scrivener’s errors and miscalculations must be corrected on remand”); Doyle v. Doyle, 789 So.2d 499, 501 (Fla. 5th DCA 2001) (“[Notwithstanding the trial court’s wide discretion in dissolution matters, this court must correct mathematical errors made by the trial court.”). Here, it is clear from the final judgment that the circuit court intended to calculate the arrearage based on a finite monthly award of $410 for child support, and that according to the court’s determination of B.K’s historical support payments the arrearage should have totaled $3050, not $4050. Because the imposition of the extra $1000 is not supported by competent, substantial evidence, we reverse and remand for the court to correct its mathematical error.
We now turn to S.D.C.’s timely filed motion for appellate attorneys’ fees and costs. Section 742.045 does not expressly authorize an award of appellate attorneys’ fees in paternity actions. But, when section 742.045 was enacted in 1991, it mirrored the attorneys’ fees provision of section 61.16, Florida Statutes (1991). At that time, Florida courts interpreted section 61.16 to allow for appellate attorney fees even though it contained no such express language. See Bryan v. Bryan, 342 So.2d 858 (Fla. 2d DCA 1977); Thornton v. Thornton, 433 So.2d 682, 683-84 (Fla. 5th DCA 1983); Baucom v. Baucom, 397 So.2d 345 (Fla. 3d DCA 1981); Sommese v. Sommese, 324 So.2d 647 (Fla. 1st DCA 1976); Ludemann v. Ludemann, 317 So.2d 860 (Fla. 4th DCA 1975). In 1994, the legislature codified this case law by amending chapter 61 to be consistent therewith. See Ch. 94-169, § 1, at 1039, Laws of Fla. With or without the amendment it is apparent to us that this same case law, for the sake of consistency and logic, should be applied to allow appellate fees under section 742.045, and we now so hold. Not to do so would likely run afoul of equal protection concerns. See M.J.I. v. A.J.K., 55 So.3d 732, 733 (Fla. 2d DCA 2011) (Altenbernd, J., concurring) (“Under any level of scrutiny, it is not obvious to me that parents of illegitimate children should be treated differently than parents of legitimate children when it comes to the rules for awarding attorney’s fees on appeal in custody disputes.”). For reasons further outlined below, we certify conflict with sister district court holdings to the contrary.
In Starkey v. Linn, 727 So.2d 386, 388 n. 3 (Fla. 5th DCA 1999), the Fifth District based its determination that section 742.045 does not provide for appellate attorney’s fees on the “conspicuous absence of authority to award appellate fees” when compared with section 61.16. See also Gilbertson v. Boggs, 743 So.2d 123, 128 (Fla. 4th DCA 1999). However, “the legislature is presumed to know the existing law when a statute is enacted, including judicial decisions on the subject concerning which it subsequently enacts a statute.” Seagrave v. State, 802 So.2d 281, 290 (Fla.2001) (quoting Wood v. Fraser, 677 So.2d 15, 18 (Fla. 2d DCA 1996)) (internal quotation marks omitted). Therefore, in enacting section 742.045, the legislature is presumed to have known and approved of the judicial construction of section 61.16 to include appellate attorneys fees. McPherson v. Bittner, — So.3d -, 2012 WL 5232293, 37 Fla. L. Weekly D2519 (Fla. 4th DCA Oct. 24, 2012) (War *983 ner, J., concurring). Had the legislature intended the statutes to be interpreted differently, it would have expressed such an intent in enacting section 742.045; instead it chose to mirror the language of section 61.16. Hence, we hold that an award of appellate attorneys’ fees may be obtained under section 742.045.
We strike the motion for costs without prejudice to S.D.C. filing a motion in the circuit court in accordance with Florida Rule of Appellate Procedure 9.400(a). However, we remand the motion for appellate attorneys’ fees to the circuit court for the circuit court to consider S.D.C.’s need and B.K’s ability to pay. In doing so, we certify conflict with Starkey and Gilbert-son.
Affirmed in part; reversed in part; remanded with instructions; conflict certified.
LaROSE and MORRIS, JJ., Concur.