On En Banc Consideration of Appellee’s Motion for Attorney’s Fees

Per Curiam.
The appellee moved for attorney’s fees in this paternity action. We grant the ap-pellee’s motion, and as fashioned below, we recede from Gilbertson v. Boggs, 743 So.2d 123 (Fla. 4th DCA 1999). We now apply the plain meaning of the first sentence of section 742.045, Florida Statutes (2016), which has remained identically worded for more than 25 years.
The statute was and remains unambiguous and, in fact, is crystal clear. This court has neither the function nor prerogative to speculate on—or engage in—construction of a statute that continues to convey an unequivocal meaning.
Since 1991, section 742.045, in pertinent part, has been straightforward:
The court may from, time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.
§ 742.045, Fla. Stat. The statute allows for the award of attorney’s fees in “any proceeding under this chapter.” It is axiomatic that this would include any appellate proceedings necessary to maintain or defend an action under the chapter.
Gilbertson did not consider the statutory context or the history of the statute in determining that it did not authorize attorney’s fees on appeal. 743 So.2d at 128. Instead, it wrongly concluded that because the Legislature later ■ enacted- a specific inclusion of appellate attorney’s fees in section 61.16, Florida Statutes, it must have impliedly rejected" such an inclusion of appellate fees in section 742.045. Id. It relied solely on Starkey v. Linn, 727 So.2d 386, 388 n,3 (Fla. 5th DCA 1999), which in a footnote stated that the statute did not authorize attorney’s fees by comparing it to the then current version of section 61.16 which included a specific reference to ap~ p'ellate attorney’s fees: “It is almost identical to section 61.16, but for the conspicuous absence of authority to award appellate fees.” Gilbertson, 743 So.2d at 128 (quoting Starkey, 727 So,2d at 388 n.3). Reliance on that footnote led us to the wrong conclusion.
We thus recede from Gilbertson and grant attorney’s fees to the appellee, conditioned upon a showing of need and ability to pay, and remand for the trial court to make that determination, as well as the amount of a reasonable fee, should need and ability be established. We also certify *2 conflict with Starkey.[1]

Conflict certified.

Ciklin, C.J., Warner, Gross, Taylor, May and Conner, JJ., concur.
Forst, J., recused.
Klingensmith, J., dissents with opinion, in which Damoorgian, Gerber, Levine and Kuntz, JJ., concur.

. The Second District Court of Appeal has also certified conflict with Starkey on this issue. See B.K. v. S.D.C., 122 So.3d 980, 982-83 (Fla. 2d DCA 2013).