IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

MORIYA MCNULTY,

      Appellant,

v.

CHRISTINE BOWSER,

      Appellee.

Case No.  5D16-3330

_____/

Opinion filed January 5, 2018

Appeal from the Circuit Court
for Brevard County,
Nancy Maloney, Judge.

Jack L. Platt and Tiffani R. Cole, of Platt
Hopwood Attorneys at Law PLLC,
Melbourne, for Appellant.

Elizabeth Siano Harris, of Harris Appellate
Law Office, Mims, for Appellee.


ON EN BANC CONSIDERATION OF
APPELLEE'S MOTION FOR ATTORNEY'S FEES

LAMBERT, J.

Appellee, Christine Bowser ("Mother"), has moved for appellate attorney's fees pursuant to section 742.045, Florida Statutes (2015).  Mother acknowledges that this court's precedent in *Starkey v. Linn*, 727 So. 2d 386, 388 & n.3 (Fla. 5th DCA 1999), provides that this statute does not authorize or allow an award of appellate attorney's fees in paternity actions.  She asks that we recede from our decision in *Starkey* and grant her

motion. Pursuant to Florida Rule of Appellate Procedure 9.331, the majority of the judges of this court have voted to consider this matter en banc. For the following reasons, we grant Mother's motion and recede from *Starkey.*

In 1991, the Florida Legislature enacted section 742.045.[1] The first sentence of this statute, which has remained unchanged for twenty-six years, provides:

> The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.

§742.045, Fla. Stat. (2015).

This sentence is identical to the first sentence of the 1991 version of section 61.16, Florida Statutes, applicable in dissolution of marriage proceedings. At the time, section 61.16 was construed by each appellate court as authorizing attorney's fees awards both at trial and on appeal. *See Chisholm v. Chisholm*, 538 So. 2d 961, 963 (Fla. 3d DCA 1989); *Gieseke v. Gieseke*, 499 So. 2d 839, 839 (Fla. 4th DCA 1986); *Thornton v. Thornton*, 433 So. 2d 682, 685 (Fla. 5th DCA 1983); *Bryan v. Bryan*, 342 So. 2d 858, 859 (Fla. 2d DCA 1977); *Sommese v. Sommese*, 324 So. 2d 647, 648 (Fla. 1st DCA 1976).

"The Legislature is presumed to be acquainted with judicial decisions on the subject concerning which it subsequently enacts a statute." *Collins Inv. Co. v. Metro. Dade Cty.*, 164 So. 2d 806, 809 (Fla. 1964), superseded by statute on another issue as recognized in *Alder-Built Indus., Inc. v. Metro. Dade Cty.*, 231 So. 2d 197, 199 (Fla. 1970). Therefore, when the Legislature enacted section 742.045 in 1991 and utilized the identical

---

[1] *See* Ch. 91-246, § 7, at 2416, Laws of Fla.

language from section 61.16, it presumably knew and thus approved of the earlier judicial construction of section 61.16 to award attorney's fees both at trial and on appeal.

In 1994, the Legislature amended the first sentence of section 61.16, by adding the words "and appeals" to the end of the sentence. The Legislature did not similarly amend section 742.045. In 1999, our court concluded in *Starkey* that section 742.045 did not authorize appellate attorney's fees in paternity cases because the words "and appeals" now in section 61.16 were "conspicuously" absent from section 742.045, apparently reasoning that the Legislature implicitly intended to preclude appellate attorney's fees in paternity cases when it amended section 61.16 without similarly amending section 742.045. *See* 727 So. 2d at 388 n.3. We now hold that our interpretation in *Starkey* was erroneous.

"Questions of statutory interpretation are reviewed de novo." *Kumar v. Patel*, 227 So. 3d 557, 558–59 (Fla. 2017) (citing *Borden v. E.–European Ins.*, 921 So. 2d 587, 591 (Fla. 2006)). Accordingly, in reviewing section 742.045, "[w]e first examine the statute's plain meaning, resorting to rules of statutory construction only if the statute's language is ambiguous." *Id.* (citing *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)); *see also BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (stating that statutory interpretation "begins with the statutory text, and ends there as well if the text is unambiguous"). Because section 742.045 unambiguously provides for an award of attorney's fees for maintaining or defending *any proceeding* under this chapter, there is no need to resort to rules of statutory construction to ascertain the legislative intent behind the statute. *See Brook v. State*, 999 So. 2d 1093, 1097 (Fla. 5th DCA 2009) (citing *Cherry v. State*, 959 So. 2d 702, 713 (Fla. 2007)). Where, as here, the Legislature has not specifically defined "proceeding" in chapter 742, this term should be given its plain and ordinary meaning.

*See Debaun v. State*, 213 So. 3d 747, 751 (Fla. 2017) (quoting *Sch. Bd. of Palm Beach Cty. v. Survivors Charter Sch., Inc.*, 3 So. 3d 1220, 1233 (Fla. 2009)). And, "[w]hen considering the plain meaning of an undefined statutory term, Florida courts may consult dictionaries to derive the term's ordinary definition." *Hurd v. State*, 229 So. 3d 876 (Fla. 5th DCA 2017) (citing *Debaun*, 213 So. 3d at 751).

Black's Law Dictionary defines "proceeding" as "[a]ny procedural means for seeking redress from a tribunal or agency." *Proceeding*, Black's Law Dictionary (10th ed. 2014). Similarly, Merriam-Webster's Dictionary of Law defines "proceeding" as "a particular step or series of steps in the enforcement, adjudication, or administration of rights, remedies, laws, or regulations." *Proceeding*, Merriam-Webster's Dictionary of Law (1996); *see also Raymond James Fin. Servs., Inc. v. Phillips*, 126 So. 3d 186, 190 & n.4 (Fla. 2013) (utilizing these two definitions of the term "proceeding"). This appellate court clearly is a tribunal from which a party may seek redress. Moreover, "an appeal is but part of the action being appealed." *Disney v. Vaughen*, 804 So. 2d 581, 583 (Fla. 5th DCA 2002) (citing *Williams v. Brochu*, 578 So. 2d 491(Fla. 5th DCA 1991)). Therefore, because Mother, by defending in this appellate proceeding arising from a final judgment of paternity entered under chapter 742, Florida Statutes, is taking a particular step in the adjudication of both her and her children's rights, we conclude that she is entitled to an award of appellate attorney's fees under the plain language and meaning of section 742.045.

We therefore recede from *Starkey* and grant Mother's motion for appellate attorney's fees, conditioned upon a showing of her need and Father's ability to pay. We remand for the trial court to make that determination and to award Mother a reasonable fee, should need and ability to pay be established.

MOTHER'S MOTION FOR APPELLATE ATTORNEY'S FEES GRANTED; CASE REMANDED.

COHEN, C.J., SAWAYA, PALMER, ORFINGER, TORPY, EVANDER, WALLIS, and EDWARDS, JJ., concur.

EISNAUGLE, J., dissents, with opinion, in which BERGER, J., concurs.

I dissent and would not recede from *Starkey v. Linn*, 727 So. 2d 386 (Fla. 5th DCA 1999).  As Judge Klingensmith astutely explained in *Beckford v. Drogan*, while section 742.045, Florida Statutes (2015), "specifically identifies enforcement and modification actions as 'proceedings' under chapter 742, Florida Statutes, nothing within the entirety of that chapter identifies 'any proceeding under this chapter' to include appeals."  216 So. 3d 1, 2 (Fla. 4th DCA 2017) (Klingensmith, J., dissenting) (citing *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008); *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 126 (1989)).

The majority here makes the same error as the majority in *Beckford*.  After announcing that the statute is unambiguous, the majority focuses solely on the phrase "any proceeding."  I agree that "any proceeding" is clear, and that an appeal is a legal proceeding, but the phrase "under this chapter" is equally clear.  And while the phrase "any proceeding" is quite broad, it is obviously narrowed by the phrase "under this chapter."  Thus, the question here is not whether an appeal is a "proceeding," but whether an appeal is a proceeding "under" chapter 742.  Yet, the majority fails to include this narrowing phrase in its analysis.

As the majority recognizes, the Legislature knows how to revise an attorney's fees statute to include appellate attorney's fees when it so desires.  This court is without constitutional authority to make policy decisions or rewrite the statute by giving effect to only part of its language, no matter how much we may dislike the outcome.  Thus, I would give meaning to all of the language within section 742.045, and find no grounds to recede from the decision rendered by this court eighteen years ago in *Starkey*.

6

For what it's worth, I agree that the Legislature should amend the statute to authorize appellate attorney's fees. Nevertheless, eighteen years after *Starkey*, it has not done so. While I invite them to do so now, that decision is for the Legislature alone.

BERGER, J., concurs.