# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-1542
_____

KIRBY MARBRANDO GRANT, Jr.,

    Appellant,

    v.

STATE OF FLORIDA, DEPARTMENT
OF REVENUE, CHILD SUPPORT
PROGRAM and BRITTNEY NICOLE
JOHNSON,

    Appellees.

_____


On appeal from the Division of Administrative Hearings.
James H. Peterson, III, Administrative Law Judge.


February 12, 2025

PER CURIAM.

Appellant Kirby Marbrando Grant, Jr., appeals a final administrative support order imposing a child support obligation. He raises five issues on appeal, four of which we affirm without discussion. We write to address the fifth issue regarding scrivener's errors in the appealed order.

The record reveals scrivener's errors and miscalculations in both the final administrative support order and income deduction order. At the final hearing, the administrative tribunal calculated Mr. Grant's monthly child support payment at $700.00, which

includes $75.00 per month towards his retroactive support obligation. However, the support obligation and stepdown amounts in both orders are incorrect in several sections. Both orders state the following regarding future reductions of Mr. Grant's obligation:

> Respondent's obligation to support a child covered by this Order ordinarily terminates when the child reaches 18 years of age or the disability of nonage is removed. § 61.14(9), Fla. Stat. However, Respondent's obligation to support a child covered by this Order shall extend beyond the age of 18 years: a) if the child is dependent due to a mental or physical incapacity that started prior to age 18; or b) if the child is dependent, between his or her 18th and 19th birthdays, still in high school, and reasonably expected to graduate before his or her 19th birthday. § 743.07(2), Fla. Stat. If none of these special conditions applies, Respondent's current monthly child support obligation will be reduced or terminated at the 18th birthday of the child or children covered by this Order, in accordance with the following schedule:
>
> $1,188.00 until 07/17/2033
> $763.00 until 11/19/2038
> and
> $0.00 after 11/19/2038

The schedule should be amended to reflect Mr. Grant's current obligation of $700.00 per month, with the stepdown amounts adjusted consistent with the guidelines. The appropriate remedy is to remand for the correction of the scrivener's error. *See B.K. v. S.D.C.*, 122 So. 3d 980, 981–82 (Fla. 2d DCA 2013); *Martin v. Martin*, 923 So. 2d 1236, 1239 (Fla. 1st DCA 2006). Therefore, we affirm the support order but remand for correction of the scrivener's errors.

AFFIRMED and REMANDED for correction of scrivener's errors.

ROBERTS, BILBREY, and M.K. THOMAS, JJ., concur.

2

_____

***Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331.***

_____


Elizabeth S. Rice, Orlando, for Appellant.

Brittney Nicole Johnson, pro se, Appellee.

Toni C. Bernstein, Assistant Attorney General, Tallahassee, for
the State of Florida, Department of Revenue.