652 So.2d 359 (1995)
STATE of Florida, Petitioner,
v.
John Edward HOUCK, Jr., Respondent.
No. 83502.
Supreme Court of Florida.
February 2, 1995.
Rehearing Denied April 5, 1995.
Robert A. Butterworth, Atty. Gen. and Carmen F. Corrente, Asst. Atty. Gen., Daytona Beach, for petitioner.
Irby G. Pugh, Orlando, for respondent.
WELLS, Justice.
We have for review the opinion of the Fifth District Court of Appeal reversing the defendant's conviction and sentence for the first-degree felony of manslaughter with a weapon and remanding for resentencing pursuant to a conviction for the second-degree felony of manslaughter.
On November 16, 1991, outside Anthony's Lounge in Orlando, Florida, a fight occurred involving a number of people. John Edward Houck, Jr., the defendant, had been asked to leave the bar, and upon being escorted out by two employees, both being the victim's brothers, the fighting began. Several witnesses testified that they saw the defendant on top of the victim, banging the victim's head against the pavement. The victim died on December 9, 1991. A neurological surgeon testified that these head injuries suffered by the victim on November 16 were the initiating factors which led to his death. The defendant denied any knowledge or responsibility for the victim's injuries.
The amended information charging the defendant with committing second-degree murder in connection with the victim's death alleged that the defendant had used a weapon, the pavement/asphalt, to inflict trauma to the victim's head. The jury returned a verdict finding defendant guilty of manslaughter with a weapon. Reclassification was sought via section 775.087(1), Florida Statutes (1991), regarding the "use" of a weapon and the trial court adjudicated defendant guilty of a first-degree felony. Appeal was filed in the Fifth District, and the defendant's conviction was upheld. On motion for rehearing, the district court, en banc, reversed the earlier opinion and certified the issue of the meaning of the term "weapon" as used in section 775.087(1), as one of great public *360 importance. Houck v. State, 634 So.2d 180 (Fla. 5th DCA 1994).[1]
We approve the decision of the enbanc majority of the district court. We concur with the majority in stating:
We agree with Houck's argument in his motion for rehearing that the original panel was in error in deeming the issue of whether a paved surface is a weapon to be one of fact. It is not. It is a question for the court to determine as a matter of law. The failure of the statute to broadly define the term "weapon" cannot be cured by jury speculation. As Houck contends, the panel opinion would open a veritable "Pandora's Box" and allow a creative prosecutor, in conjunction with the jury, to turn almost any intentional injury into one caused by a weapon. For example, would the ground be transformed into a weapon merely because it was the point of impact for a person pushed from a cliff or high building? Would the water become a weapon if the victim was pushed overboard from an ocean liner?
Id. at 182 (footnote omitted). We agree with the court in further stating:
Here, the underlying fallacy of the state's argument is that it misconceives the legislative intent underlying the reclassification statute. The obvious legislative intent reflected by section 775.087 is to provide harsher punishment for, and hopefully deter, those persons who use instruments commonly recognized as having the purpose to inflict death and serious bodily injury upon other persons.
Id. at 184.
Thus, we approve the district court's decision that it is for the court to determine whether what is used in the commission of a felony is a weapon within the meaning of the statute. In making this decision, the trial court must use the common or ordinary meaning of the word. The word weapon is defined by American Heritage College Dictionary 1529 (3d ed. 1993), as: "1. An instrument of attack or defense in combat, as a gun or sword.... 3. A means used to defend against or defeat another." A paved surface is not commonly understood to be an instrument for combat against another person.
We specifically point out that if pavement or a hard surface is to be considered a weapon under section 775.087, then the legislature should amend the statute so that pavement and similar passive objects are defined to come within its coverage. Moreover, if the word "weapon" is to be given a meaning other than the common dictionary definition set forth in this opinion, it is within the province of the legislature to provide that definition.
In approving the majority opinion of the district court en banc, we remand for resentencing in accordance with the district court's findings. We decline to review the other issue raised by respondent.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.