860 So.2d 494 (2003)
Michael WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1303.
District Court of Appeal of Florida, Fourth District.
November 19, 2003.
Rehearing Denied December 18, 2003.
*495 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for Appellee.
WARNER, J.
Appellant was convicted of arson and possession and discharge of a destructive device. Based upon the jury's finding that appellant discharged a destructive device, the court felt obligated to sentence appellant to twenty years in prison under the 10/20/Life statute. Appellant contends that because the destructive device did not explode, it did not discharge within the meaning of the sentencing statute, so his sentence should only be ten years for possessing a destructive device. We construe the sentencing statute under the rule of lenity and hold that where the destructive device did not explode, it did not "discharge." Therefore, at most, the defendant could be sentenced to ten years for possession of a destructive device. We therefore reverse.
The charge against appellant was based upon the discovery of a blue bottle containing a rag used as a wick laying next to an SUV owned by Anthony Collins. The detective who investigated the scene testified that the bottle contained "some type of ignitable liquid." The bottle was intact except for a crack caused by heat from it being on fire. Collins noted a mark on his SUV that was not there the night before, and there was a scorch mark on the grass. There was no other indication of damage.
A neighbor of Collins led the detectives to appellant. The neighbor, Stephanie Williams, had dated appellant but wanted him to stop calling. She had a friend call appellant to tell him to stop calling and listened in on the conversation. According to testimony, appellant believed that Collins had a romantic relationship with Williams. In the phone conversation, appellant told Williams's friend that he had messed up Collins's car. Williams's brother-in-law testified that appellant told him that he had thrown "some kind of a little bomb" at the SUV. Williams's sister testified *496 that she overheard the confession appellant made to her husband.
No physical evidence was found linking appellant to the crime. A crime lab analyst from the State Fire Marshall's Fire and Arson Laboratory testified that both the bottle and cloth found at the scene tested positive for the presence of gasoline.
Appellant presented an alibi defense at trial. He was living with his mother and Tawana Smith at the time of the offense. Both women testified that he was home that night. Appellant also testified that he was at home, taking care of Smith's sick child. He denied confessing anything about the incident. His attorney argued that Williams and her family members were not credible and were only trying to "get rid" of appellant.
The jury found appellant guilty on both counts as charged in the information. As to the destructive device count, the jury found appellant actually possessed and discharged a destructive device. Based on the jury's finding, the trial court felt obligated to sentence appellant to a mandatory minimum term of twenty years on the discharge of a destructive device count, pursuant to section 775.087(2)(a)2., Florida Statutes (1999). The court also sentenced appellant to five years on the arson count, concurrent with the twenty-year sentence. Because the trial court believed that a twenty-year sentence was unduly harsh in light of the very limited damage caused by appellant's actions, it recommended the governor grant appellant relief.
Appellant moved to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). He alleged that the trial court erred in sentencing him to the mandatory minimum term of twenty years for discharging a destructive device when it was not proven at trial that the device was actually discharged. The trial court did not rule on the motion. Therefore, it is deemed denied for purposes of this appeal.
As to the propriety of his conviction, appellant argues that the trial court erred in permitting a detective to testify that the items found at the scene constituted a destructive device under Florida law when the detective was not qualified as a legal expert. While it was error to allow the detective to so testify, the error was harmless as another investigator gave essentially the same testimony under questioning of defense counsel. Moreover, appellant never argued that the object was not a destructive device.[1]
Contesting his sentence, appellant argues that the court erred by sentencing him under section 775.087(2)(a)2. to a mandatory minimum term of twenty years for discharging a destructive device when it was not proven that the device "discharged," as it did not explode. The state contends that "discharge" is not synonymous with "explosion," and there is substantial evidence to support a "discharge." The resolution of this issue requires us to construe the statutory provision.
Appellant was charged with and convicted of a violation of section 790.161, Florida Statutes (1999), which provides that "[a] person who willfully and unlawfully makes, possesses, throws, projects, places, discharges, *497 or attempts to make, possess, throw, project, place, or discharge any destructive device" is guilty of a second degree felony when there is an intent to damage property. § 790.161(2). Section 775.087(2) provides for the penalty:
(a)1. Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
....
e. Arson; or
m. Unlawful throwing, placing, or discharging of a destructive device or bomb;
....
and during the commission of the offense, such person actually possessed a "firearm" or "destructive device" as those terms are defined in s. 790.001, shall be sentenced to a minimum term of imprisonment of 10 years....
2. Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm" or "destructive device" as defined in s. 790.001 shall be sentenced to a minimum term of imprisonment of 20 years.
A "destructive device" is defined as:
any bomb, grenade, ... or similar device containing an explosive, incendiary, or poison gas and includes any frangible container filled with an explosive, incendiary, explosive gas, or expanding gas, which is designed or so constructed as to explode by such filler and is capable of causing bodily harm or property damage....
§ 790.001(4), Fla. Stat. (1999).
Although the Legislature provided a definition of a "destructive device," no definition is provided for the term "discharge." We conclude that "discharge" must mean something different than "makes, possesses, throws, projects, places," as the statute provides those as alternative means of committing the substantive crime. See § 790.161. Moreover, from the definition of "destructive device", it is clear that such a device is intended to explode. See § 790.001(4). As noted in Judge Sharp's dissenting opinion in Stacey v. State, 660 So.2d 1083, 1085 (Fla. 5th DCA 1995), the key characteristic of a destructive device, as with a firearm, is that the device is explosive.
Looking to the dictionary, multiple definitions of "discharge" appear: 1) to relieve of a charge, load or burden; 2) to shoot or give an outlet or vent; 3) to throw off or deliver a load, charge or burden; 4) to put forth fluid or other contents. See Merriam Webster's Collegiate Dictionary (10th ed.1995). There is no one common definition of the word.
The Legislature committed itself to the "Rule of Lenity" in the construction of criminal statutes, providing in section 775.021(1), Florida Statutes (1999), that "[t]he provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused." See also McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998) (realizing that it "is a well-established canon of construction that words in a penal statute must be strictly construed"); State v. Williams, 776 So.2d 1066 (Fla. 4th DCA 2001). Application of that rule means that if there is a reasonable construction of a penal statute favorable *498 to the accused, the court must employ that construction. See Williams, 776 So.2d at 1070.
Because there are many and varied definitions of what constitutes the "discharge" of a destructive device, we interpret that statute most favorably to the accused and conclude that to discharge a destructive device for purposes of 775.087(2) providing for a mandatory minimum twenty-year sentence, the device must explode, i.e., function as it was intended. If the Legislature intended a different or more expansive definition, then it can certainly amend the statute. See State v. Houck, 652 So.2d 359, 359-60 (Fla.1995) (applying ordinary meaning of "weapon" where Legislature failed to define the term in 10/20/Life statute, and noting that if Legislature wanted the word to mean something other than the common definition, it could amend the statute).
The evidence here most favorable to the state demonstrated that appellant threw a bottle containing gasoline and a wick at Collins's vehicle. The bottle did not break but fell to the ground. The bottle neck was cracked from heat and not an explosion. It caused no damage other than a small mark on the vehicle and a small burn mark on the grass, which could indicate that the device may have been lit but did not explode. Neither the detective nor the arson investigator testified that the device exploded. While the jury found that the object "discharged," it was not given any definition of that term by the judge. As the supreme court recognized under similar circumstances in Houck, "The failure of the statute to broadly define the term `weapon' cannot be cured by jury speculation." 652 So.2d at 360. Construing the statute most favorably to the defendant, we conclude that the state did not prove that the destructive device discharged so as to mandate sentencing appellant under the 10/20/Life statute to twenty years for this crime.
For the foregoing reasons, we affirm appellant's convictions but reverse his sentence under section 790.161 and remand for resentencing.
GUNTHER and MAY, JJ., concur.
NOTES
[1] In another point, appellant argues that the trial court should have made further inquiries when he voiced concern about his trial counsel. Although he relies on Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), appellant did not allege any incompetence on the part of his attorney, simply lack of communication. Moreover, the trial court did not deny him the right to bring up the issue again once he talked with his counsel. In fact, the court invited appellant to raise the issue at the next hearing. Appellant, however, never raised the issue again.