993 So.2d 568 (2008)
Manuel AROCHE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-1807.
District Court of Appeal of Florida, Third District.
October 22, 2008.
*569 Manuel Aroche, in proper person.
Bill McCollum, Attorney General, for appellee.
Before GERSTEN, C.J., and ROTHENBERG, J., and SCHWARTZ, Senior Judge.
ROTHENBERG, J.
The defendant, Manuel Aroche, appeals the denial of his motion to correct illegal sentences. Because we conclude that the defendant's claims are without merit, we affirm.
The defendant claims that his sentencing guidelines scoresheet was incorrectly scored, thus entitling him to resentencing. He argues that reclassification of the offenses he was convicted of: burglary with an assault or battery while armed with a weapon (Counts 1 and 3), attempted first-degree murder with a deadly weapon (Count 4), and second-degree murder with a deadly weapon (Counts 5 and 6), was improper because use of a weapon is an essential element of these offenses, and he was not the person who shot and killed the two co-perpetrators referred to in Counts 5 and 6. Use of a weapon, however, is not an essential element of these offenses. Count 1 of the information, charging the defendant with occupied burglary of a structure, specified that "in the course of committing said burglary, the defendant made an assault or battery upon Raul Toledo, ... and during the commission of said burglary, the defendant carried, displayed, used, threatened or attempted to use a firearm or weapon, to wit: A Knife and/or Bat." Count 3, which was committed on a separate date, was similarly worded. Thus, use of a weapon was not an essential element of the burglaries charged in Counts 1 and 3. See Lovett v. State, 773 So.2d 574, 576 (Fla. 3d DCA 2000) (finding that "[b]ecause the State charged only an assault and battery under the burglary statute, and charged the use of the weapon under section 775.087, enhancement of the conviction was permitted"). Use of a weapon under section 775.087, Florida Statutes (1992), as to the murder and attempted murder convictions was likewise appropriately scored because possession or use of a weapon during commission of these offenses is not an element of the crime. See Lareau v. State, 573 So.2d 813, 815 (Fla. 1991).
We also find the defendant's claim, that his sentence was improperly enhanced due to the possession or use of a firearm, is meritless. The defendant was charged, convicted, and his sentences were enhanced pursuant to section 775.087 because *570 he was armed with and did use a deadly weapon during commission of these offenses (a bat and/or a knife). Because the defendant's sentence was not enhanced for the use of a firearm, and the defendant was armed with a deadly weapon during commission of these crimes, we conclude that the sentences imposed for these offenses were legally imposed.
The defendant's additional arguments are equally without merit.
Affirmed.