PER CURIAM.
Appellant, Demond Dumas, challenges his conviction and sentence on two grounds, only one of which has merit. Appellant argues that the trial court committed fundamental error by considering whether he expressed remorse when imposing his sentence. We agree and reverse.
A lack of remorse or a failure to accept responsibility may not be considered by the trial court when fashioning an appropriate sentence. Green v. State, 84 So.3d 1169, 1171 (Fla. 3d DCA 2012). In this case, the trial court specifically referenced Appellant’s lack of remorse and his continued protestation of innocence when it announced Appellant’s sentence. The court’s statement can reasonably be read only as conditioning the sentence, at least in part, on Appellant’s lack of remorse and claim of innocence, which is a violation of Appellant’s due process rights. See Jackson v. State, 39 So.3d 427, 428 (Fla. 1st DCA 2010) (reversing a sentence because the trial court improperly based the defendant’s sentence on his lack of remorse); Nawaz v. State, 28 So.3d 122, 124-25 (Fla. 1st DCA 2010) (finding that fundamental error occurred when the trial court based *1049 a sentence partly on an impermissible ground); Whitmore v. State, 27 So.3d 168, 169-72 (Fla. 4th DCA 2010) (concluding that fundamental error occurred when the court based its sentence on the defendant’s lack of remorse and refusal to accept responsibility). Appellant is entitled to re-sentencing before a different judge. Jackson, 39 So.3d at 428.
We AFFIRM the conviction, VACATE the sentence, and REMAND with instructions to resentence Appellant before a different judge.
REVERSED and REMANDED.
PADOVANO, ROWE, and RAY, JJ., concur.