LAWSON, J.,
dissenting.
I agree with my colleagues that this case boils down to an issue of statutory construction. Section 893.135(5), Florida Statutes, provides that the crime of conspiracy to engage in trafficking is committed when “[a]ny person ... agrees, conspires, combines, or confederates with another person to commit any act prohibited by [section 893.135(1), Florida Statutes]” and is punishable “as if he or she had actually committed such prohibited act.” § 893.135(5), Fla. Stat. (2011) (emphasis added). Section 893.135(1) in turn, *444 prohibits the “acts” of selling, purchasing, manufacturing, delivering, bringing into the state or possessing a trafficking amount of delineated controlled substances. Id. By its plain language, then, it is the agreement to commit “any” of these prohibited “acts” that constitutes the crime of conspiracy to traffic. The Davis panel properly read the statute as inapplicable to a buy-sell transaction because the parties did not agree to commit the same “prohibited act.” To the extent that the statute can also be read more broadly, as the majority concludes, we are required to apply the “rule of lenity,” a “deeply-rooted common law principle of statutory construction requiring strict interpretation of ambiguous criminal statutes in favor of the accused.” Macchione v. State, 123 So.3d 114 (Fla. 5th DCA 2013); see also § 775.021(1), Fla. Stat. (2013) (“The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.”). Put another way, “if there is a reasonable construction of a penal statute favorable to the accused, the court must employ that construction.” Wallace v. State, 860 So.2d 494, 497-98 (Fla. 4th DCA 2003).
I would also note that the majority’s reading of the phrases “any act prohibited by subsection (1)” and “such prohibited act” to broadly mean “trafficking” necessarily turns every buy-sell transaction involving a trafficking amount of a controlled substance into a conspiracy. The legislature clearly expressed its intent that a person conspiring to traffic in a controlled substance be punished to the same extent as he or she would have been punished for actually committing a trafficking offense. See Espinoza v. State, 1 So.3d 1257 (Fla. 2d DCA 2009) (holding that double jeopardy principles do not prevent convictions and sentences for both trafficking in a controlled substance and conspiracy to traffic in the same substance). It seems equally clear that the legislature did not intend that every buy-sell transaction be punished both as an underlying trafficking offense and as a conspiracy to traffic.
Finally, I note that words in statutes should be interpreted as they are commonly understood and used in the real world. See, e.g., State v. Delgrasso, 653 So.2d 459, 463 (Fla. 2d DCA 1995) (the “language of [a] statute” should be “measured by common understanding and practice”). I have always understood a conspiracy as involving two or more persons agreeing or working in concert to accomplish the same illicit scheme or act. An arms-length buy-sell transaction simply does not fit within that common understanding. A buyer and seller may agree to the terms for a transaction, but they are negotiating against each other — on opposite sides of the transaction — with one agreeing to sell and one agreeing to buy. As such, the majority’s broad interpretation not only violates the rule of lenity, but also seems to run afoul of the basic rule that words in statutes should be interpreted as they are commonly understood.
EVANDER and WALLIS, JJ., concur.