NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LUIS GONZALEZ,                            )
                                          )
            Appellant,                    )
                                          )
v.                                        )      Case No. 2D13-5575
                                          )
STATE OF FLORIDA,                         )
                                          )
            Appellee.                     )
_____ )

Opinion filed July 8, 2016.

Appeal from the Circuit Court for
Lee County; Edward J. Volz, Jr., Judge.

Howard L. Dimmig, II, Public Defender,
and Christopher Desrochers, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

        Luis Gonzalez appeals following his convictions for the August 8, 2008,

offenses of failing to stop or remain at the scene of a crash resulting in death and of

manslaughter.  He challenges the reclassification of his manslaughter offense from a

second-degree to a first-degree felony based on the use of a "weapon," which in this

case was actually an automobile. We reverse and remand for the offense to be classified as a second-degree felony and for Gonzalez to be resentenced on that offense.

Tia Poklemba was discovered sitting in the road in the early morning hours. She was barely alive, and she died shortly after emergency services arrived. The police investigated the death as a hit-and-run, and they were able to determine that she left a bar the night before with Luis Gonzalez. The State's evidence showed that the victim was struck by the front end of Gonzalez's car at low speed and then hit a second time when the car backed over her. Gonzalez was charged with and convicted of manslaughter and leaving the scene; he was sentenced to consecutive terms of thirty years in prison.

On appeal, Gonzalez argues that the trial court erred by reclassifying the second-degree manslaughter conviction to a first-degree felony. This case is controlled by the supreme court's opinion in State v. Houck, 652 So. 2d 359 (Fla. 1995). In that case, the supreme court defined what constitutes a "weapon" in the general reclassification statute, section 775.087(1), Florida Statutes (1991).[1] The pertinent language of the statute is unchanged in all material respects in the 2008 version of the statute, which applies to this case. The statute reclassifies a felony to a higher degree when "a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the

---

[1] In the 1991 statutes, section 775.087(1) applied to a defendant who "carries, displays, uses, threatens, or attempts to use any weapon or firearm." By 2008, it had been amended in part to add the underlined phrase "threatens to use."

defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm." § 775.087(1), Fla. Stat. (2008).

In Houck, the defendant was convicted of manslaughter with a weapon based on evidence that he killed the victim in a fight by banging the victim's head against the pavement. The trial court entered a conviction for a first-degree felony based on the use of a weapon. In an en banc opinion, the Fifth District Court of Appeal reversed the reclassification of the conviction from a second- to a first-degree felony. Houck v. State, 634 So. 2d 180 (Fla. 5th DCA 1994) (en banc). The supreme court approved that decision and the Fifth District's holding that the pavement was not a weapon. 652 So. 2d at 360. Because the word "weapon" was not defined in this statute, the supreme court used the common or ordinary meaning of the word, to wit: "[a]n instrument of attack or defense in combat, as a gun or sword. . . . [or] [a] means used to defend against or defeat another." Id. (quoting American Heritage College Dictionary 1529 (3d ed. 1993)). The supreme court concluded that "[a] paved surface is not commonly understood to be an instrument for combat against another person." Id.

In State v. Burris, 875 So. 2d 408 (Fla. 2004), the supreme court considered the question of whether one could "carry" an automobile for purposes of the reclassification statute, section 775.087(1). In holding that an automobile could not be carried, the court reiterated its prior holding:

> In State v. Houck, 652 So. 2d 359 (Fla. 1995), this Court interpreted "weapon" in the context of section 775.087, Florida Statutes (1991), the general enhancement statute. We stated that "[t]he obvious legislative intent . . . is to provide harsher punishment for, and hopefully deter, those persons who use instruments commonly recognized as having the purpose to inflict death and serious bodily injury upon other persons." State v. Houck, 652 So. 2d at 360

- 3 -

(quoting Houck v. State, 634 So. 2d 180, 184 (Fla. 5th DCA 1994)). However, despite this recognition of legislative intent, we declined to define any object that may be used to inflict death or serious bodily injury as a deadly weapon. So, in Houck, we rejected the State's argument that pavement could qualify as a weapon to enhance a homicide crime, in part because "[a] paved surface is not commonly understood to be an instrument for combat against another person." Houck, 652 So. 2d at 360.

Burris, 875 So. 2d at 412-13. And, significant to this case, the supreme court stated: "Like the pavement used by the offender in Houck, an automobile is not commonly understood to be an instrument for combat against another person. Though certainly capable of inflicting death or injury, as with the pavement in Houck, the ordinary purpose of automobiles is not as instruments for combat." Id. at 413.

This is a question of law for the court, not a question of fact for the jury. Houck, 652 So. 2d at 360. As a matter of law, the automobile driven by Gonzalez was not a weapon under the general reclassification statute, section 775.087(1), and the second-degree manslaughter was improperly reclassified to a first-degree felony. We reverse the manslaughter conviction and sentence, and we remand for the court to enter a conviction of manslaughter in the second degree and to impose sentence accordingly. Gonzalez has brought no challenge to his other conviction, and it is affirmed without comment.

Affirmed in part, reversed in part, and remanded.

LaROSE and KHOUZAM, JJ., Concur.

- 4 -