IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ADAM LLOYD SHEPARD,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3836

Opinion filed October 5, 2017.

An appeal from the Circuit Court for Duval County.
Scott Mitchell, Judge.

Wm. J. Sheppard, Elizabeth L. White, Matthew R. Kachergus, Bryan E. DeMaggio, Jesse B. Wilkison, and Amanda J. Woods of Sheppard, White, Kachergus & DeMaggio, P.A., Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Tayo Popoola, Matthew Pavese, and Robert Morris III, Assistant Attorneys General, Tallahassee, for Appellee.

BROWN, JOHN T., Associate Judge.

Adam Lloyd Shepard appeals following his convictions of manslaughter with a weapon and leaving the scene of a crash involving death. We address two issues raised by Appellant and affirm the remaining issues without comment. Appellant

1

first challenges the reclassification of his manslaughter conviction from a second-degree felony to a first-degree felony based on his use of a "weapon," when the "weapon" was an automobile. The second issue is whether the trial court improperly considered Appellant's lack of remorse while sentencing him. We affirm Appellant's manslaughter conviction, acknowledging and certifying conflict with the Second District Court of Appeal's definition of a "weapon" as to section 775.087(1), Florida Statutes. We agree with Appellant's argument that the trial court improperly considered Appellant's lack of remorse while sentencing him, vacate his sentence, and remand with instructions that Appellant be resentenced on both of his convictions before a different judge.

**Facts**

On January 22, 2011, Appellant was drinking and watching a basketball game at a bar with the victim. Appellant and the victim got into a tussle at the bar, after which Appellant was escorted out of the bar by staff. The victim, who was still at the bar, began receiving phone calls from Appellant and ultimately the victim answered one phone call before leaving the bar.

A witness at trial, who had been at the bar that evening and had been invited by the victim to his apartment to meet his girlfriend, testified that she saw a white vehicle (later confirmed to be Appellant's) parked in the rear of a shopping center across the street from the entrance of the victim's apartment complex. The witness

said that the white car flashed its lights. The victim pulled into the parking lot, exited his car, and rushed toward the white automobile while pulling off his jacket. The white automobile advanced towards the victim and struck him. Appellant left the parking lot and was apprehended two weeks later in Chicago. The victim sustained head injuries and ultimately succumbed to those injuries the following day.

A jury found Appellant guilty of one count of manslaughter with a weapon and one count of leaving the scene of a crash involving a death. Appellant's Criminal Punishment Code Scoresheet indicated 147.3 months as the lowest permissible prison sentence, with the maximum sentence on each count being thirty years. During sentencing the court noted that it was clear that Appellant had "no remorse or acceptance of responsibility in the two weeks after" the incident, and that items found on Appellant when he was apprehended in Chicago indicated an intent to continue to evade arrest and demonstrated that Appellant had "no acceptance of responsibility and no remorse." Additionally, the court, referring to a letter submitted by Appellant for consideration during sentencing, stated, "[If Appellant] is suggesting he was not aware that he struck [the victim] the jury rejected that finding and so do I, and to the extent that he is suggesting that this was an accident that he learned of later I reject that as well and those statements are of great concern to the Court." Appellant was sentenced to thirty years on the manslaughter count and fifteen years on the leaving the scene of a crash count. The sentences were imposed

3

to run consecutively for a total of a forty-five years.

Reclassification

Questions of statutory interpretation are subject to de novo review. State v. Burris, 875 So. 2d 408, 410 (Fla. 2004).

The reclassification statute, section 775.087(1), Florida Statutes, enhances the degree of a felony to a degree greater when during the commission of the felony the defendant "carries, displays, uses, threatens to use, or attempts to use any weapon or firearm." The statute does not provide a definition of "weapon." See State v. Houck, 652 So. 2d 359, 360 (Fla. 1995). Without a statutory definition of the word "weapon," courts must turn to the "common or ordinary meaning of the word." Id.

Appellee argues that an automobile, when used in the manner Appellant used it, constitutes a weapon in the common and ordinary meaning of the word. We agree with this "use" argument.

Recently, the Second District Court of Appeal concluded that an automobile was not a weapon under section 775.087(1). Gonzalez v. State, 197 So. 3d 84, 86 (Fla. 2d DCA 2016). In Gonzalez, the appellant was convicted of manslaughter and failing to stop or remain at the scene of a crash resulting in death. 197 So. 3d at 84. The victim left the bar with the appellant the night before she was found sitting in the road barely alive. Id. The evidence demonstrated that the victim had been hit by the appellant's car once while it was moving forward slowly and then again as he

4

backed over her. Id. On appeal, the appellant argued that the reclassification of the second-degree manslaughter conviction to a first-degree felony was error. Id. at 85. Our sister court agreed and held that an automobile is not a weapon under section 775.087(1). Id. at 86. The Second District concluded the case was controlled by the Florida Supreme Court's decision in Houck. Gonzalez, 197 So. 3d at 85. We agree that our case is controlled by Houck, but disagree with the Gonzalez court's interpretation of the definition of a weapon.

In Houck, the Florida Supreme Court approved the Fifth District's en banc decision concluding that "it is for the court to determine whether what is used in the commission of a felony is a weapon within the meaning of the [reclassification] statute." 652 So. 2d at 360 (emphasis added). In Houck, the supreme court looked to the dictionary to provide the common definition of weapon: "[a]n instrument of attack or defense in combat, as a gun or sword . . . [or][a] means used to defend against or defeat another." Id. We conclude that an automobile falls within the second definition of a weapon as a "means used to defend against or defeat another." Id. (emphasis added).

The Gonzalez court found the following language in State v. Burris to be significant: "Like the pavement used by the offender in Houck, an automobile is not commonly understood to be an instrument for combat against another person. Though certainly capable of inflicting death or injury, as with the pavement

5

in Houck, the ordinary purpose of automobiles is not as instruments for combat." Gonzalez, 197 So. 3d at 85-86 (quoting Burris, 875 So. 2d at 413 (Fla. 2004)).

We disagree with the Second District's conclusion that the "ordinary purpose" is dispositive. The Second District's holding in Gonzalez is not unreasonable based on its reliance of the quote from Burris. However, we note that the question before the Burris court was expressly limited to whether an automobile could be "carried" "as a deadly weapon under section 812.13(2)(a) of the robbery statute" to allow an enhanced conviction. Burris, 875 So. 2d at 410. In dicta, the supreme court in providing a comparison to an automobile being "carried" discussed the pavement in Houck. Unlike the statute at issue in Burris, which enhances a robbery conviction when a deadly weapon is "carried," section 775.087(1), Florida Statutes, states that "whenever a person is charged with a felony . . . and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm . . . the felony for which the person is charged shall be reclassified." (emphasis added).

We are applying the common definition of a weapon as Houck requires. Many objects commonly understood to be weapons, such as kitchen knives or baseball bats, would not be classified as weapons under the Gonzalez court's approach because their ordinary purpose is not for combat. Gonzalez, 197 So. 3d at 85-86. We

6

find there is a distinct difference between an immobile object, such as the pavement in Houck, and a movable object, such as the car used by Appellant.

We accordingly affirm Appellant's conviction and certify conflict with Gonzalez v. State, 197 So. 3d 85 (Fla. 2d DCA 2016).

Lack of Remorse

The parties agree that this issue was not properly preserved below.

Unpreserved arguments in the sentencing process are reviewed for fundamental error. Jackson v. State, 983 So. 2d 562, 574 (Fla. 2008). This Court has held that fundamental error occurs when a trial court bases a sentence on impermissible grounds. Dumas v. State, 134 So. 3d 1048, 1048 (Fla. 1st DCA 2013). "Although an appellate court generally may not review a sentence that is within statutory limits under the Criminal Punishment Code, an exception exists, when the trial court considers constitutionally impermissible factors in imposing a sentence." Nawaz v. State, 28 So. 3d 122, 124 (Fla. 1st DCA 2010).

This Court has stated, "A lack of remorse or failure to accept responsibility may not be considered by the trial court when fashioning an appropriate sentence." Dumas, 134 So. 3d at 1048; see also K.Y.L. v. State, 685 So. 2d 1380 (Fla. 1st DCA 1997) ("[L]ack of contrition or remorse is a constitutionally impermissible consideration in imposing sentence."), disapproved on other grounds, State v. J.P.C., 731 So. 2d 1255 (Fla. 1999). While remorse and an

7

admission of guilt may be grounds for mitigation of a sentence, the lack of these factors cannot be used to increase a defendant's sentence and such reliance violates the defendant's due process rights. Ritter v. State, 885 So. 2d 413, 414 (Fla. 1st DCA 2004).

Because we agree with Appellant that the court should not have considered his lack of remorse when sentencing him, we reverse Appellant's sentence and remand for resentencing on both counts before a different judge. See Dumas, 134 So. 3d at 1049; Ritter, 885 So. 2d at 415.

MAKAR and WINSOR, JJ., CONCUR.