EISNAUGLE, J. Appellant, Rodney Hurd, appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Appellant argues that the trial court illegally reclassified his convictions for attempted- voluntary manslaughter and resisting an officer with violence pursuant to section 775.087(1), Florida Statutes (2010), based on his use of an automobile as a weapon, citing to Gonzalez v. State, 197 So.3d 84 (Fla. 2d DCA 2016). We find no error and affirm. In Gonzalez, our sister court held, as a matter of law,- that an automobile is not a weapon as that term is used in section 775.087(1). 197 So.3d at 86. In that case, the trial court-reclassified a manslaughter conviction, pursuant to section 775.087(1), because the defendant used an automobile as a weapon when he backed over his victim. Id. at 84-85. On appeal, the second district reversed, relying on the supreme coúrt’s analysis in State v. Houck, 652 So.2d 359 (Fla. 1995), and State v. Burris, 875 So.2d 408 (Fla. 2004). In Houck, the jury found the defendant guilty of manslaughter with a weapon where the defendant beat the victim’s head against the pavement resulting in the victim’s death. 652 So.2d at 359. The trial court reclassified the offense to a first-degree felony pursuant to section 775.087(1) based on the defendant’s use of the pavement as a weapon. Id. On appeal, this court reversed, holding that pavement is not a weapon pursuant to section 775.087(1), and-certified the issue as one of great public importance. Id. at 359-60. In so doing, we observed that “[ojther jurisdictions have strictly construed their statutes to conclude that pavement and other stationary fixtures are not dangerous or deadly weapons.” Houck v. State, 634 So.2d 180, 182-83 (Fla. 5th DCA 1994) (emphasis added). On review, the supreme court agreed and held that pavement is not a “weapon” as that term is used in section 775.087(1). Houck, 652 So.2d at 360. The statute does not define the term, so the court consulted the American Heritage College Dictionary, which defined “weapon” as: “1. An instrument of attack or defense in combat, as a gun or sword.... 3. A means used to defend against or defeat another.” Id. (quoting American Heritage College Dictionary 1529 (3d ed. 1993)). Thus, the court reasoned that a paved surface is not commonly understood to be an “instrument for combat against another person.” Id. However, the court also invited the Legislature to amend the statute if it intended for pavement and “similar passive objects” to be considered weapons. Id. Later in Burris, the supreme court considered whether an automobile could be “carried” as a “deadly weapon” for purposes of the robbery statute. 875 So.2d at 410. In that case, the defendant grabbed the victim’s purse as he drove by, dragging her with his pickup truck. Id. at 409. The defendant was charged by information alleging that he “used” his truck as á deadly weapon. Id. He moved to dismiss the charge, arguing that the robbery statute only prohibited “carrying” a weapon, not “using” one, but the trial court denied the motion. Id. On appeal, this court reversed and held that an automobile could not be “carried” as that term is used in the robbery statute. Id. at 410. The supreme court agreed, after considering several dictionary definitions for the term “carry.” Id. at 411-12. In its opinion, the court reasoned that “[l]ike the pavement used by the offender in Houck, an automobile is not commonly understood to be an instrument for combat against another person.” Id. at 413. At the same time, the court also recognized that automobiles have been held to be “deadly weapons in other criminal statutes.” Id. (citations omitted). In distinguishing those cases, the court noted that “those statutes under which automobiles are deemed deadly weapons proscribe the ‘use’ of a deadly weapon as an element of either aggravated assault or aggravated battery.” Id. Thus, the court instructed that “[b]y contrast, the requirement in the robbery statute that an offender ‘carry,’ as opposed to ‘use,’ a deadly weapon tends to exclude automobiles as deadly weapons.” Id. Although Houck and Burris did not squarely address the issue before us here, they are consistent with a conclusion that an automobile can be a weapon as that term is used in section 775.087(1), Florida Statutes. Section 775.087(1) reclassifies certain felonies if “during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm.” § 775.087(1), Fla. Stat. (emphasis added). We agree with Burris that one cannot “carry” an automobile as a weapon. However, unlike the robbery statute at issue in Bums, which proscribed only the “carrying” of a weapon, the statute here also clearly proscribes the “use” of a weapon. We find the reasoning in Burris, which distinguished between statutes that proscribe the “carrying” of a weapon from those which proscribe the “use” of a weapon, persuasive. We also agree with Houck’s holding that pavement is not a weapon. In that case, while the supreme court considered whether stationary objects like pavement could be considered a weapon for purposes of section 775.087(1), it did not decide whether an automobile is a weapon. Unlike the pavement in Houck, which is clearly not an “instrument,” an automobile is not a stationary or “passive object,” and as the facts here demonstrate, an automobile can be wielded as an “instrument of attack ... in combat.” Although some of the dicta used in Houck and Bums, when considered in isolation, support the decision in Gonzalez, we cannot agree with our sister court’s conclusion. In Gonzalez, the second district emphasized the analysis in Bums that “[l]ike the pavement used by the offender in Houck, an automobile is not commonly understood to be an instrument for combat against another person.” 197 So.3d at 85-86. Had the supreme court stopped there, Gonzalez might stand on firmer ground. However, Burris then recognized that an automobile is considered a weapon for purposes of some statutes. Importantly, Gonzalez does not account for the distinction made in Burris between statutes proscribing the carrying of a weapon and those proscribing the use of a weapon. See Burris, 875 So.2d at 413. As Burris recognizes, an automobile can be a weapon in the context of a statute that proscribes a weapon’s “use,” like section 775.087(1) at issue here. Having concluded that Houck and Bums did not decide the issue before us, we turn to the plain and ordinary meaning of the term “weapon.” “Where, as here, the [L]egislature has not defined the words used in a [statute], the language should be given its plain and ordinary meaning.” Debaun v. State, 213 So.3d 747, 751 (Fla. 2017) (quoting Sch. Bd. of Palm Beach Cty. v. Survivors Charter Sch., Inc., 3 So.3d 1220, 1233 (Fla. 2009) (second ah teration in original)). “When a statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain such intent.” Brook v. State, 999 So.2d 1093, 1097 (Fla. 5th DCA 2009) (citing Cherry v. State, 959 So.2d 702, 713 (Fla. 2007)). When considering the plain meaning of an undefined statutory term, Florida courts may corisult dictionaries to derive the term’s ordinary definition. Debaun, 213 So.3d at 751 (citation omitted). Merriam-Webster’s Collegiate Dictionary defines the term “weapon” as “1 : something (as a club, knife, or gun) used to injure, defeat, or destroy” and “2 : a means of contending against another.” Merriam-Webster’s Collegiate Dictionary 1417 (11th ed. 2003) (emphasis added). Similarly, the Oxford American Desk Dictionary & Thesaurus defines the term “weapon” as “a thing used to cause physical harm or damage.” Oxford American Desk Dictionary & Thesaurus 870 (3d ed. 2010) (emphasis added). Perhaps an automobile is not designed to inflict bodily harm, but in this case, Appellant’s automobile became an “instrument of attack ... in combat” when he attempted to use it as a battering ram against an officer. Just as an automobile’s primary purpose is for transportation, the primary purpose of a steak knife or baseball bat is for use as cutlery or sporting equipment. Yet no one could reasonably dispute that those items are also “commonly understood” as “instrumentfe] for combat against another person” when used as such. See, e.g., Aroche v. State, 993 So.2d 568, 569-70 (Fla. 3d DCA 2008) (holding that defendant’s sentence was properly enhanced where he was “charged, convicted, and his sentences were enhanced pursuant to section '775.087 because he was armed with and did use a deadly weapon during commission of these offenses (a bat and/or knife)”). Accordingly, we hold that an automobile can be used as a weapon for purposes of section 775.087(1), and certify conflict with Gonzalez v. State, 197 So.3d 84 (Fla. 2d DCA 2016). AFFIRMED. TORPY and LAMBERT, JJ., concur,