LABARGA, J.
This case is before the Court for review of the decision of the First District Court of Appeal in Shepard v. State , 227 So.3d 746 (Fla. 1st DCA 2017), which certified conflict with the decision of the Second District Court of Appeal in Gonzalez v. State , 197 So.3d 84 (Fla. 2d DCA 2016), on the issue of whether an automobile can be considered a "weapon" for purposes of enhancing a defendant's sentence to a higher degree under Florida's reclassification statute, section 775.087(1), Florida Statutes (2011). The First District's decision also expressly and directly conflicts with this Court's decision in State v. Houck , 652 So.2d 359 (Fla. 1995). We have jurisdiction. See art. V, § 3(b)(3)-(4), Fla. Const. For the reasons explained below, we approve the conclusion of the First District that an automobile can be a weapon for purposes of the reclassification statute and disapprove of Gonzalez to the extent it holds otherwise.[1]
FACTS AND PROCEDURAL HISTORY
Adam Lloyd Shepard was convicted of (1) manslaughter with a weapon, where the weapon supporting the charge was an automobile, and (2) leaving the scene of a crash involving death. Shepard , 227 So.3d at 747. The district court described the relevant facts:
On January 22, 2011, Appellant was drinking and watching a basketball game at a bar with the victim. Appellant and the victim got into a tussle at the bar, after which Appellant was escorted out of the bar by staff. The victim, who was still at the bar, began receiving phone calls from Appellant and ultimately the victim answered one phone call before leaving the bar.
A witness at trial, who had been at the bar that evening and had been invited by the victim to his apartment to meet his girlfriend, testified that she saw a white vehicle (later confirmed to be Appellant's) parked in the rear of a shopping center across the street from the entrance of the victim's apartment complex. The witness said that the white car flashed its lights. The victim pulled into the parking lot, exited his car, and rushed toward the white automobile while pulling off his jacket. The white automobile advanced towards the victim and struck him. Appellant left the parking lot and was apprehended two weeks later in Chicago. The victim sustained head injuries and ultimately succumbed to those injuries the following day.
*704 A jury found Appellant guilty of one count of manslaughter with a weapon and one count of leaving the scene of a crash involving a death.... Appellant was sentenced to thirty years on the manslaughter count and fifteen years on the leaving the scene of a crash count.
Id. at 747-48.
On appeal, Shepard argued that the trial court improperly allowed his manslaughter conviction to be reclassified from a second-degree felony to a first-degree felony pursuant to section 775.087(1) for using a weapon, where the "weapon" was an automobile. The district court disagreed and held that "an automobile, when used in the manner [Shepard] used it, constitutes a weapon in the common and ordinary meaning of the word." Id. at 748. The district court relied in part upon the definition of "weapon" adopted by this Court in Houck : "[1.] [a]n instrument of attack or defense in combat, as a gun or sword ... [or] [2.] [a] means used to defend against or defeat another." Id. (quoting Houck , 652 So.2d at 360 ) (some alterations in original). The district court concluded "an automobile falls within the second definition of a weapon as a 'means used to defend against or defeat another.' " Id. The district court certified conflict with the decision of the Second District in Gonzalez , which held an automobile may not be considered a weapon under section 775.087(1), because it is not commonly understood to be an instrument for combat. Id.
This review follows.
ANALYSIS
Standard of Review
The question before the Court is whether an automobile may be considered a "weapon" under section 775.087(1), Florida Statutes (2011), which reclassifies a felony to a higher degree when the defendant "carries, displays, uses, threatens to use, or attempts to use any weapon or firearm" during the commission of the felony. The standard of review is de novo. See Williams v. State , 186 So.3d 989, 991 (Fla. 2016) ("Judicial interpretations of statutes are pure questions of law subject to de novo review." (quoting Johnson v. State , 78 So.3d 1305, 1310 (Fla. 2012) ) ). Where the plain language of a statute is unambiguous and conveys a clear meaning, the statute must be given its obvious meaning. Id. Further, when construing a statute, our "task is to ascertain the meaning of the phrases and words used in a provision, not to substitute [the Court's] judgment for that of the Legislature." Sch. Bd. of Palm Beach Cty. v. Survivors Charter Sch., Inc. , 3 So.3d 1220, 1228 (Fla. 2009).
Defining "Weapon"
Florida's reclassification statute provides:
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.
§ 775.087(1), Fla. Stat. (emphasis added). The statute does not define "weapon." However, this Court defined the term in Houck , where the defendant was convicted of manslaughter with a weapon after repeatedly *705 beating the victim's head against pavement. 652 So.2d at 359. The defendant's conviction was reclassified from a second-degree felony to a first-degree felony under section 775.087(1) based on the use of the pavement as a weapon. Id. On review, this Court concluded that pavement does not qualify as a weapon for purposes of the reclassification statute. Id. at 360.
In reaching its decision, the Court first determined that whether an object is a weapon is "a question for the court to determine as a matter of law," reasoning:
The failure of the statute to broadly define the term "weapon" cannot be cured by jury speculation. As Houck contends, the panel opinion [upholding the defendant's conviction] would open a veritable "Pandora's Box" and allow a creative prosecutor, in conjunction with the jury, to turn almost any intentional injury into one caused by a weapon. For example, would the ground be transformed into a weapon merely because it was the point of impact for a person pushed from a cliff or high building? Would the water become a weapon if the victim was pushed overboard from an ocean liner?
Id. (quoting Houck v. State , 634 So.2d 180, 182 (Fla. 5th DCA 1994) ). This Court then determined that "the obvious legislative intent reflected by section 775.087 is to provide harsher punishment for, and hopefully deter, those persons who use instruments commonly recognized as having the purpose to inflict death and serious bodily injury upon other persons." 652 So.2d at 360 (quoting Houck , 634 So.2d at 184 ). To give effect to this intent, the Court defined "weapon" as an "instrument of attack or defense in combat," and concluded that pavement is not a weapon because it is "not commonly understood to be an instrument for combat." Id. In other words, Houck held that under section 775.087(1), the term "weapon" includes only those instruments commonly recognized as weapons.
However, the narrow definition of "weapon" announced in Houck is contrary to the usual meaning of the word. It is well established that "where a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense." State v. Brake , 796 So.2d 522, 528 (Fla. 2001) (citing State v. Mitro , 700 So.2d 643, 645 (Fla. 1997) ). Accordingly, where the Court is tasked with construing a statute, "our first (and often only) step ... is to ask what the Legislature actually said in the statute, based upon the common meaning of the words used." Schoeff v. R.J. Reynolds Tobacco Co. , 232 So.3d 294, 313 (Fla. 2017) (Lawson, J., concurring in part and dissenting in part) (citation omitted) (citing Brake , 796 So.2d at 528 ). Here, the plain and ordinary meaning of the word "weapon" includes not only those objects designed with the purpose of injuring or killing another, such as guns, clubs, or swords, but also any object used with the intent to cause harm. This is evident in dictionary definitions, which consistently define "weapon" to include objects used as weapons, even if they were not designed for that purpose. For example, Black's Law Dictionary defines "weapon" as "[a]n instrument used or designed to be used to injure or kill someone." Black's Law Dictionary 1827 (10th ed. 2014) (emphasis added). Webster's Third New International Dictionary explains that the word "weapon" can apply "to anything used or usable in injuring, destroying, or defeating an enemy or opponent." Webster's Third New International Dictionary 2589 (1993) (emphasis added). Even the dictionary cited by Houck defined "weapon" as including "[a] means used to defend against or defeat another." 652 So.2d at 360 (quoting American Heritage College Dictionary 1529 (3d ed. 1993) ).
*706 These definitions are consistent with the way the Court has historically defined "weapon." As early as 1884, this Court recognized that any object can be a weapon if it is used as one. See Blige v. State , 20 Fla. 742, 751 (1884) (concluding an iron weight may constitute a deadly weapon based on the way it is used, and explaining "[a] weapon may be deadly although not especially designated for offensive and defensive purposes, or the destruction of life, or the infliction of injury" (internal quotation marks omitted) ). In 1926, this Court defined "weapon" as "[a]n instrument of offensive or defensive combat; something to fight with; anything used or designed to be used in destroying, defeating, or injuring an enemy, as a gun, a sword, a shield, etc." Williamson v. State , 92 Fla. 980, 111 So. 124, 125 (1926) (quoting Webster's New International Dictionary (1910) ). Based on this definition, the Court concluded that, "[a]s an automobile is a thing which may be used in destroying or injuring an enemy, it would come within the dictionary definition of a weapon, although it was not designed or constructed for that purpose." Id. at 125. Even after the 1995 decision in Houck , we have explained that "weapon" includes objects used as weapons, even if not designed for such a purpose. See Dale v. State , 703 So.2d 1045, 1046-47 (Fla. 1997) (holding that the standard jury instruction defining weapon as "any object that could be used to cause death or inflict serious bodily harm" was "a correct statement of law" (emphasis added) (quoting Fla. Std. Jury Instr. (Crim.) 156(a) (1981) ) ).[2]
Further, this Court has repeatedly used the word "weapon" to describe ordinary objects that were used as weapons. See, e.g. , Guardado v. State , 965 So.2d 108, 111 (Fla. 2007) (kitchen knife and breaker bar); Buzia v. State , 926 So.2d 1203, 1207 (Fla. 2006) (ax); Nelson v. State , 850 So.2d 514 (Fla. 2003) (the contents of a fire extinguisher and a tire iron); Sireci v. Moore , 825 So.2d 882, 886 (Fla. 2002) (tire iron); Lawrence v. State , 698 So.2d 1219, 1221 (Fla. 1997) (metal pipe, baseball bat, and mop); Craig v. State , 168 So.2d 747, 748 (Fla. 1964) (screwdriver); Nelson v. State , 97 So.2d 250, 251 (Fla. 1957) (ice pick); Brown v. State , 61 So.2d 640, 641 (Fla. 1952) (hammer); Brooks v. State , 115 Fla. 243, 156 So. 23, 23 (1934) (sticks and clubs); Gray v. State , 44 Fla. 436, 33 So. 295 (1902) (a "large piece of scantling").
Accordingly, we recede from the holding in Houck that an object must be "commonly understood to be an instrument for combat" in order to constitute a weapon under section 775.087(1), and conclude that any object used or intended to be used to inflict harm on another constitutes a weapon within the meaning of the statute. We also recede from our statement in Houck that "it is for the court to determine whether what is used in the commission of a felony is a weapon within the meaning of the statute." Houck , 652 So.2d at 360. Rather, whether an object is *707 being used as a weapon during the commission of a felony would typically be a question of fact for the jury. Cf. Miller v. State , 918 So.2d 415, 417 (Fla. 2d DCA 2006) ("[W]hether a motor vehicle is used or threatened to be used in a way that makes it a deadly weapon is typically a question resolved by a jury." (citing Williamson , 111 So. at 126 ) ).
In receding from the reasoning of Houck on these points, "we are mindful of the importance of the doctrine of stare decisis ." State v. Gray , 654 So.2d 552, 554 (Fla. 1995).
Stare decisis provides stability to the law and to the society governed by that law. Yet stare decisis does not command blind allegiance to precedent. "Perpetrating an error in legal thinking under the guise of stare decisis serves no one well and only undermines the integrity and credibility of the court."
Id. (citation omitted) (quoting Smith v. Dep't of Ins. , 507 So.2d 1080, 1096 (Fla. 1987) (Ehrlich, J., concurring in part, dissenting in part) ).
CONCLUSION
In conclusion, we hold that an automobile is a weapon under section 775.087(1) if it is used to inflict harm on another. Further, it is a question of fact for the jury to determine whether an automobile or other object was used as a weapon by the defendant. Accordingly, we approve the conclusion of the First District that an automobile can be a weapon for purposes of the reclassification statute and disapprove of Gonzalez to the extent it holds otherwise.
It is so ordered.
CANADY, C.J., and LEWIS, QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., dissents with an opinion.

We also reject without comment Shepard's claim that his vehicle was unlawfully seized.

Other courts have similarly defined "weapon" to include objects used as weapons, including automobiles. See, e.g. , United States v. Barnes , 569 F.2d 862, 863 (5th Cir. 1978) ("[A]lmost any implement, even a belt buckle, could be intended or used as a weapon."); Tatum v. United States , 110 F.2d 555, 555-56 (D.C. Cir. 1940) (" 'Weapon' includes 'any instrument of offense; anything used, or designed to be used, in attacking an enemy ....' An automobile, a rolled-up kit of tools, or a pin, is a 'weapon' when it is used as one." (footnotes omitted) ); Wright v. State , 72 Md.App. 215, 528 A.2d 498, 500 (Md. Ct. Spec. App. 1987) ("A weapon ... has been broadly defined as anything used or designed to be used in destroying, defeating, or injuring an enemy or as an instrument of offensive or defensive combat."); Coles v. Commonwealth , 270 Va. 585, 621 S.E.2d 109, 111 (2005) ("A motor vehicle, wrongfully used, can be a weapon as deadly as a gun or a knife." (quoting Essex v. Commonwealth , 228 Va. 273, 322 S.E.2d 216, 220 (1984) ) ).