# Supreme Court of Florida

_____

No. SC19-1219
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2019-07.**

December 19, 2019

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions. The Committee asks that the Court authorize the use of amended standard instruction 3.3(a) (Aggravation of a Felony by Carrying a Firearm) and the deletion of instruction 3.3(b) (Aggravation of a Felony by Carrying a Weapon Other Than a Firearm). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

On July 22, 2019, the Committee filed a report proposing amendments to standard criminal jury instructions 3.3(a) and 3.3(b). The proposals, amongst many others, were published in the April 2019, edition of *The Florida Bar News*. One comment, by the Florida Public Defender Association (FPDA), was received

by the Committee. Upon the filing of the Committee's report, the Court did not publish the proposals for comment.

Previously, the Court sent a referral to the Committee, requesting that the Committee submit a report proposing amendments to "applicable criminal jury instructions" based upon the Court's decision in *Shepard v. State*, 259 So. 3d 701 (Fla. 2018). Specifically, by letter the Court directed the Committee to "consider any changes needed to the jury instructions' definitions of 'weapon,' 'deadly weapon,' or 'dangerous weapon' in light of the holding that 1) 'any object used or intended to be used to inflict harm on another constitutes a weapon within the meaning of' section 775.087(1), Florida Statutes." The Committee, which contemplated related amendments to numerous instructions, as evidenced by the April 2019 publication, concluded that there are problems with defining "weapon," "deadly weapon," and "dangerous weapon" as used in the instructions. Accordingly, the proposals presently before the Court are limited to those instructions pertaining solely to section 775.087, Florida Statutes (2018), providing for reclassification of felony offenses, which was the subject of *Shepard*.

We authorize the Committee's proposals to the instructions herein at issue for publication and use. Standard criminal jury instruction 3.3(b), Aggravation of a Felony by Carrying a Weapon Other Than a Firearm, provides for the reclassification of a felony if the jury finds that the offense was committed while

the defendant carried, displayed, used, threatened to use, or attempted to use, a weapon, which was not an essential element of the offense. *See* § 775.087(1). Instruction 3.3(a), on the other hand, provides for the reclassification of a felony based upon the defendant carrying, displaying, using, threatening to use, or attempting to use, a firearm. We agree with the Committee that two separate instructions are unnecessary, and accordingly amend instruction 3.3(a) to also address the portion of section 775.087(1) pertaining to weapons. Significantly, "weapon" is defined as follows: "1) any object readily capable of inflicting bodily harm if used in the ordinary manner contemplated by its design and construction; or 2) any other object that was [used] [or] [threatened to be used] [or] [attempted to be used] [or] [intended to be used] to inflict bodily harm." *See Shepard*, 259 So. 3d at 706 (concluding "that any object used or intended to be used to inflict harm on another constitutes a weapon within the meaning of the statute"). In addition, we authorize the deletion of instruction 3.3(b).

Having considered the Committee's proposals, the FPDA's comment, and the Committee's response thereto, we authorize for publication and use amended instruction 3.3(a) as proposed and the deletion of instruction 3.3(b), as set forth in the appendix to this opinion.[1] New language is indicated by underlining, and

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor

deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instruction as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

---

discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

## APPENDIX

## 3.3(a)  AGGRAVATION OF ~~A FELONY~~(NAME OF FELONY) BY [CARRYING] [DISPLAYING] [USING] [THREATENING TO USE] [ATTEMPTING TO USE] A [FIREARM] [WEAPON]
§ 775.087(1), Fla. Stat.

**If you find that** (defendant) **committed** (name of felony ~~as identified by § 775.087(1), Fla. Stat.~~) **and you also find beyond a reasonable doubt that during the commission of the crime, [he] [she] personally [carried] [displayed] [used] [threatened to use] [attempted to use] a [firearm] [weapon], you should find [him] [her] guilty of** (felony) **with a [firearm] [weapon].**

*Definitions*. ~~*§790.001(6), Fla. Stat.*~~ *Give as applicable.*
*§ 790.001(6), Fla. Stat.*
**A "'firearm'" is ~~legally~~ defined as** ~~(adapt from § 790.001(6), Fla. Stat., as required by allegations)~~ **any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime.]**

**A "weapon" is defined as: 1) any object readily capable of inflicting bodily harm if used in the ordinary manner contemplated by its design and construction; or 2) any other object that was [used] [or] [threatened to be used] [or] [attempted to be used] [or] [intended to be used] to inflict bodily harm.**

**If you find that** (defendant) **committed** (name of felony~~, as identified in § 775.087(1), Fla. Stat.~~)**, but you are not convinced beyond a reasonable doubt that [he] [she] personally [carried] [displayed] [used] [threatened to use] [attempted to use] a [firearm] [weapon], then you should find [him] [her] guilty only of** (name of felony)**.**

### Comments

It is recommended the verdict form contain a special finding to reflect the jury's determination as to whether the State proved the defendant personally carried, displayed, used, threatened to use, or attempted to use a firearm or a

- 5 -

weapon. A special finding format for the reclassification in § 775.087(1), Fla. Stat., can be found in instruction 3.12, example 6.

A special instruction will be necessary in cases where the weapon was an animal or a substance or something that is not commonly referred to as an "object."

This instruction should not be given in conjunction with the instructions pertaining to any felony in which the use of a weapon or firearm is an essential element. For example, Robbery with a Firearm, Robbery with a Deadly Weapon, and Robbery with a Weapon cannot be reclassified with the firearm or weapon portion of § 775.087(1), Fla. Stat. Similarly, Aggravated Battery (via use of a deadly weapon) cannot be reclassified with the firearm or weapon portion of § 775.087(1), Fla. Stat. However, Aggravated Battery (via intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement) can be reclassified with the firearm or weapon portion of § 775.087(1), Fla. Stat.

The requirement that the defendant personally carried, etc., the firearm or weapon comports with the holding in *State v. Rodriguez*, 602 So. 2d 1270 (Fla. 1992), that a defendant's offense may not be reclassified for a codefendant's possession of a firearm during a felony.

This instruction was adopted in 1981 and amended in 2011 [73 So. 3d 136] and 2019.


### 3.3(b) AGGRAVATION OF A FELONY BY CARRYING A WEAPON OTHER THAN A FIREARM
§ 775.087(1), Fla. Stat.

**If you find that** (defendant) **committed** (felony, as identified by § 775.087(1), Fla. Stat.) **and you also find beyond a reasonable doubt that during the commission of the crime [he] [she] personally [carried] [displayed] [used] [threatened to use] [attempted to use] a weapon, you should find [him] [her] guilty of** (felony) **with a weapon.**

*Definition.*
**A "weapon" is legally defined to mean any object that could be used to cause death or inflict serious bodily harm.**

**If you find that** (defendant) **committed** (felony, as identified in § 775.087(1), Fla. Stat.)**, but you are not convinced beyond a reasonable doubt that [he] [she] personally [carried] [displayed] [used] [threatened to use] [attempted to use] a weapon, then you should find [him] [her] guilty only of** (felony)**.**

### Comments

This instruction should not be given in conjunction with the instructions pertaining to any felony in which the use of a weapon or firearm is an essential element.

The requirement that the defendant personally carried, etc., the weapon comports with the holding in *State v. Rodriguez*, 602 So. 2d 1270 (Fla. 1992), that a defendant's offense may not be reclassified for a codefendant's possession of a firearm during a felony.

This instruction was adopted in 1981 and amended in 2011.