# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0251
Lower Tribunal No. 22-6775
_____

**Alfonso Perez-Palma,**
Appellant,

vs.

**Nathalie Rodriguez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Sandy T. Fox, P.A., and Sandy T. Fox and Sara E. Ross, for appellant.

Abramowitz and Associates, and Jordan B. Abramowitz, for appellee.

Before LOGUE, C.J., and SCALES, and LOBREE, JJ.

SCALES, J.

On Parties' Motions for Appellate Level Fees

In this appeal of a final judgment (and interlocutory order on a case management conference) entered in a paternity case (and for related relief), both parties seek appellate level fees, relying exclusively on section 742.045 of the Florida Statutes. That provision reads, in relevant part, as follows:

> The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.

§ 742.045, Fla. Stat. (2025).

Florida's district courts are split on whether section 742.045 provides a basis for entitlement to appellate level fees. Both the Fourth District and the Fifth District, sitting *en banc*, have determined that the statute does provide a basis for appellate level fees. McNulty v. Bowser, 233 So. 3d 1277 (Fla. 5th DCA 2018); Beckford v. Drogan, 216 So. 3d 1 (Fla. 4th DCA 2017). The Sixth District, certifying conflict with those Courts' opinions, has come to the opposite conclusion. C.T. v. T.G., 397 So. 3d 219 (Fla. 6th DCA 2024).

After our careful consideration of the issue and our being persuaded by Judges Klingensmith and Eisnaugle's cogent dissenting opinions in Beckford and McNulty, respectively, we align ourselves with the Sixth District. In a parallel statute – addressing dissolution of marriage, as

2

opposed to paternity, proceedings – the Florida Legislature chose to expressly authorize the recovery of fees in appellate proceedings, as follows:

> The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party or maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings *and appeals*.

§ 61.16(1), Fla. Stat. (2025) (emphasis added).

For whatever reason, the Legislature has chosen not to include similar language in the statute authorizing trial courts to award fees in paternity actions, and we are powerless to insert a provision into a statute that the Legislature has not included in the statute's text. See Hayes v. State, 750 So. 2d 1, 4 (Fla. 1999) ("We are not at liberty to add words to statutes that were not placed there by the Legislature."). As Judge Klingensmith noted in his Beckford dissent: "If the Legislature had intended to extend the effect of this section to other proceedings separate and apart from those maintained in the lower tribunal, it would have so stated." Beckford, 216 So. 3d at 3.

We, therefore, deny both parties' motions seeking appellate level fees, and we certify conflict with McNulty and Beckford.

Motions denied; conflict certified.